## TOWN OF RICHMOND *vs.* EDWARD K. JAMES.

### WASHINGTON—MAY 10, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Of Damage by Dogs.   Action by Town Against Owner.*

Gen. Laws cap. 111, § 17, provides that after the town council of a town has drawn an order on the town treasurer for payment of the amount determined to be due an owner of animals injured by dogs, under sections 15 and 16 of said chapter, the town may recover, in an action of the case, against the keeper or owner of any dog concerned in doing the damage, full compensation and costs of appraisal:—

Held, that the drawing of the order was a condition precedent to recovery by the town, and to be effectual the order must have been drawn in the manner provided in section 15.

Held, further, that it was incumbent upon a claimant to take each prescribed statutory step leading up to an order, and that the town council had no authority to waive the performance of any of these statutory conditions.

Held, further, that, to maintain an action under section 17, the town must allege and prove that the order was drawn after the claimant had brought himself strictly within the statutory requirements.

(2)  *Notice.   Res Adjudicata.*

Held, further, that the statute made no provision for notice by the town to the owner of the dog of the proceedings under sections 15 and 16, and he was not bound by the action of the town council.

(3)  *Subrogation.*

Held, further, that the action under section 17 sounded in tort, the town succeeding to the rights of the injured party by statutory subrogation.

TRESPASS ON THE CASE under Gen. Laws cap. 111, § 17. Heard on exceptions of both parties to rulings of District Court. Plaintiff's exceptions overruled. Defendant's exceptions sustained.

PER CURIAM.   This is an action of the case brought by the plaintiff, under the provisions of Gen. Laws cap. 111, § 17, to recover from the defendant, as keeper or owner of a dog concerned in doing damage, full compensation for the damage done by his dog, and costs of appraisal, before the District Court of the Third Judicial District.

The first count of the declaration sets out that certain sheep

belonging to the copartnership of Benjamin B. Moore & Son were damaged to the amount of $60.50 by a certain dog kept and harbored by the defendant in the town of Richmond; that a claim for the damages and cost of appraisal was duly presented to the town council of said town, who gave notice of the presentation of the claim to the defendant; that afterwards the town council, after careful examination and deliberation, in their discretion allowed the claim for damages and costs of appraisal and ordered the town treasurer to pay the same; that payment was made to Benjamin B. Moore & Son; that notice of the payment was given to the defendant, who refused, and refuses, to pay the same.

The second count only differs from the first in alleging that the defendant's dog was concerned in damaging the sheep.

The defendant demurred to the declaration upon fourteen grounds, whereof the first nine are based upon the omission of the plaintiff to aver that the requirements of said chapter 111, in section 15, relating to the appointment and qualifications of appraisers and mode of appraising damages thereunder, had been complied with prior to the payment made to Benjamin B. Moore & Son. And the next two grounds relate to the absence of averment in said declaration that an order was properly drawn by the town council of the town upon the town treasurer thereof under said section 15.

The twelfth ground is that it does not appear by the declaration that the plaintiff has so complied with the provisions of said section 15 as to be entitled to maintain this action.

The thirteenth ground is that in the absence of statutory provision the town council had no power to fix the rights of the parties, or to determine the liability of the defendant, or to fix the amount of damages to be recovered by the plaintiff.

And the fourteenth ground is that it does not appear by the declaration that the provision of said chapter 111, in section 20, had been complied with prior to the commencement of the suit.

Every ground of demurrer was sustained by the justice of said District Court and to this decision the plaintiff has duly excepted.

In addition to his demurrer the defendant filed in said District Court his motion to strike out the plaintiff's allegations of notice to him in the first and second counts of the declaration upon nine grounds: That the same are unnecessary and immaterial; that said section 17 makes no provision for such notice or demand; that Gen. Laws R. I. make no provision for such notice or to make the town council a judicial tribunal to fix and determine the rights of the parties, therefore allegations of attempts by said town council to acquire jurisdiction over the parties hereto are improper; that the plaintiff's cause of action is *ex delicto,* and allegations of demand, notice, and refusal of payment are unusual, unnecessary, and improper; that if allowed to remain the allegations will admit proof of immaterial issues, will cause additional expense, and are vexatious, embarrassing, and confusing.

The motion to strike out was denied by the justice, and the defendant duly excepted to this decision.

(1)  The case is, therefore, before the court upon the aforesaid exceptions of the plaintiff and defendant. The question substantially raised is, what averments are essential to a declaration brought under Gen. Laws cap. 111, § 17, viz.: "Upon drawing an order as provided in the two sections next preceding, respectively, the town or city may recover in an action of the case against the keeper or owner of any dog concerned in doing the damage, full compensation for the damage done by his dog and costs of appraisal."

The rights and remedy thereby provided are purely statutory and must be strictly pursued. *Baker* v. *Slater Mill and Power Co.,* 14 R. I. 531; *Van Hoosear* v. *Town of Wilton,* 62 Conn. 106. The drawing of the order is made the condition precedent to recovery by the town, and to be effectual the order must have been drawn in the manner provided in said section 15, as section 16 relates only to Newport county.

It was incumbent upon Benjamin B. Moore & Son, the original claimants against the plaintiff for damages done by the defendant's dog, to take each prescribed statutory step leading up to an order to be drawn by the town council on the

town treasurer of the town before they could become entitled to such an order.

The town council had no authority to waive the performance of any of these statutory conditions.

In order to maintain this action it is necessary for the plaintiff to allege and prove that the town council drew its order on the town treasurer in favor of Benjamin B. Moore & Son after they had brought themselves strictly within the statutory requirements. This has not been done; the declaration omits vital allegations, as pointed out in the demurrer, and therefore the demurrer was rightly sustained by the justice of the District Court, and the exceptions taken to his decision in so doing must be overruled.

(2)     As to the motion to strike out the allegations of notice to the defendant in both counts of the declaration, which was denied by the justice of the District Court, and to whose ruling in this regard the defendant duly excepted, the exceptions relative thereto must be sustained. The statute makes no provision for notice.

(3)     The plaintiff, however, claims that this is an action *ex contractu* founded upon an implied promise on the part of the defendant; imposed by force of the statute for the damage done, and that the action is brought against the defendant because of the failure or breach of his implied promise to pay the town for money, expended by it, for the payment of which the defendant was primarily liable. We can not assent to this proposition; the case sounds in tort and not in contract. This is a suit for damages against the owner or keeper of the dog. By section 17: "Should the person suffering loss avail himself of the provisions in this and in the said two preceding sections, he shall not be entitled to maintain a suit for damages against the owner or keeper of the dog." By availing himself of the statutory provisions the person suffering loss parts with his right to an action against the owner of the dog, and those rights pass to the town by statutory subrogation. *East Kingston* v. *Towle*, 48 N. H. p. 63. What may the town recover; the sum paid, including costs of appraisal? That is not suggested by the language of the statute. The words used are: "full

compensation for the damage done by his dog and costs of appraisal." The town acquires the rights that the owner of the sheep had. *East Kingston* v. *Towle, supra; Town of Wilton* v. *Town of Weston,* 48 Conn. 325. This is not an action upon a judgment found against the defendant by a competent tribunal after due notice. As the court very properly said in *Van Hoosear* v. *Town of Wilton, supra,* p. 111, in considering the case of *Town of Wilton* v. *Town of Weston, supra:* "There the court was dealing with a case where, if the proceedings of the selectmen bound the defendant town, its liability was conclusively determined *in invitum* in a proceeding to which it could not be a party, of which it had no notice, by a tribunal unknown to the common law, over which the defendant had no control, and from the decision of which there was no appeal."

The claim of the plaintiff that the matters determined by the town council are *res judicata* because the defendant had notice of the same, is subject to the same objections. He was not a party to the proceedings, and there was no statutory provision for making him a party. Therefore he is not bound by the action of the town council.

Case remitted to the District Court of the Third Judicial District for further proceedings.

*Frank L. Hanley,* for plaintiff.

*Harry B. Agard,* for defendant.