RUTH HOBSON v. LEWIS H. HOLT ET AL.

(Filed 13 December, 1950.)

**Negligence § 19b (1)—**

Evidence tending to show that plaintiff and her husband were tenants or share croppers, that they had been in possession of the mules in question for eighteen or twenty months and were aware of their propensities, and that plaintiff, while riding on top of a load of hay, her husband driving,

was injured when one of the mules of a known unmanageable nature suddenly ran, throwing her to the ground, *is held* insufficient to be submitted to the jury on the issue of negligence in an action against those in charge of the farming operations.

APPEAL by plaintiff from *Clement, J.,* August Term, 1950, of GUILFORD.

Civil action to recover damages for an alleged negligent injury.

It appears from the evidence in the case that the plaintiff and her husband, together with their five children, were tenants or share croppers on the 191-acre Holt Farm in Guilford County during the years 1948 and 1949. There is no allegation as to who leased the farm to the plaintiff and her husband; nor with whom they dealt in respect of the matter. It is alleged, contrary to plaintiff's evidence, that they were employees on the farm. The evidence seems to indicate that Mrs. Elma W. Holt and Raymond Holt, both now deceased, were in charge of the farming operations during the years 1948-1949.

On motion of defendants, plaintiff's husband was made a party defendant in the case, and a cross-action was filed against him.

There is allegation and evidence on the part of plaintiff tending to show that on 16 September, 1949, plaintiff and her husband were gathering hay with a wagon and team of mules which had been furnished them; that one of the mules, the red one, was wild, dangerous and unmanageable at times; that plaintiff had talked to Lewis Holt about the mules and he promised to get rid of them by trading them off; that plaintiff talked with Helen Holt, daughter of Mrs. Elma Holt, about the mules in the late summer of 1949; that she also talked to Joe Coble, husband of one of the Holt daughters; that on the day in question plaintiff was riding on the load of hay and her husband was driving the mules to the barn; that they came to a low light wire across the road which had to be raised in order to let the load of hay pass under it; that her husband took the pitchfork and held the wire up, and "I stepped the mules up, and instead of stepping up like I asked them to, the red one gave a leap . . . and they ran from there to the barn. . . . I was slung off the wagon just when I started to turn" from the road into the barn-yard. Plaintiff was seriously injured in the fall.

Cross-examination: "We got half the corn and tobacco and one-third of the hay. Yes, I knew one of the mules was particularly dangerous. No, he had never run with me before, but I had seen him run on several occasions."

All allegations of negligence are denied, while contributory negligence and assumption of risk are pleaded in bar of recovery.

At the close of plaintiff's evidence, there was a judgment as in case of nonsuit, from which she appeals, assigning errors.

The record is silent as to what was done with the cross-action.

*York & Boyd and Harry Ganderson for plaintiff, appellant.*
*Hughes & Hines for defendants, appellees.*

STACY, C. J.    The plaintiff alleges that she was an employee on de-
fendants' farm at the time of her injury.   Her evidence tends to show
that she and her husband were tenants or share croppers.   The hearing
produced no unison between allegation and proof and apparently no
effort to fit the two.   At any rate, there is no showing of responsibility
on the part of any of defendants which would seem to charge them with
actionable negligence.   Whether upon proper pleading and proof the
plaintiff might get to the jury is not before us for decision.

The plaintiff and her husband were in possession of the mules and had
been for eighteen or twenty months.   She was well aware of their pro-
pensities.   Her injury seems to be the result of carelessness on her own
part, or that of her husband, or else an unfortunate accident.   *Camp v.
R. R.,* 232 N.C. 487.

The record suggests an affirmance rather than a reversal of the judg-
ment of nonsuit.

Affirmed.