SPOONER'S CREEK LAND CORPORATION v. ROMA STYRON AND WIFE, CATHERINE STYRON

No. 29

(Filed 15 April 1970)

**1. Controversy Without Action § 1;    Rules of Civil Procedure § 85— effect of new Code of Civil Procedure**

Since the effective date of the new Code of Civil Procedure, 1 January 1970, there can be no further proceedings under the remedy known as "controversy without action."

**2. Statutes § 1—    effect of unconditional repeal of statute**

When statutes providing a particular remedy are unconditionally repealed the remedy is gone.

**3. Controversy Without Action § 2; Rules of Civil Procedure § 85— abatement of proceeding on effective date of new Code of Civil Procedure**

Where a controversy without action was submitted to the trial court upon an agreed statement of facts under [former] G.S. Ch. 1, Art. 25, the Court of Appeals correctly reversed judgment for plaintiff entered by the superior court and held that all persons having an interest in the controversy were necessary parties, and the statutes under which the proceeding was brought were thereafter unconditionally repealed, effective 1 January 1970, by the new Code of Civil Procedure, the proceedings abated on 1 January 1970 when repeal of the statutes under which it was brought became effective; if plaintiff desires to pursue the matter further, action must be brought under the new statutes with additional necessary parties defendant.

ON certiorari to the Court of Appeals to review its decision reversing judgment of *Cowper, J.,* at the 10 April 1969 Session, CARTERET Superior Court.

Plaintiff and defendants submitted a controversy without action to the trial court upon an agreed statement of facts under the provisions of Chapter 1, Article 25, of the General Statutes of North Carolina seeking a determination of the rights of the parties under a written contract to buy and sell real property.

The trial court concluded as a matter of law that plaintiff was entitled to specific performance of the contract and entered judgment accordingly. Defendants appealed to the Court of Appeals, and that court, in an opinion by Vaughn, J., with Brock, J., concurring and Britt, J., dissenting, reversed the judgment of the trial court for reasons noted in the opinion. 7 N.C. App. 25, 171 S.E. 2d 215. We allowed certiorari.

*Nelson W. Taylor, Attorney for plaintiff appellant.*

*Boshamer and Graham by Otho L. Graham, Attorneys for defendant appellees.*

PER CURIAM:

**[1, 2]** The decision of the Court of Appeals reversing the judgment of the superior court and holding that all persons having an interest in the controversy are necessary parties is correct. Since the decision of that Court, however, the statutes under which this proceeding was brought have been unconditionally repealed, effective 1 January 1970, by enactment of the new Code of Civil Procedure. See Session Laws 1967, Chapter 954, and Session Laws 1969, Chapter 803. Therefore, there can be no further proceedings under the remedy

---

LAND CORP. *v.* STYRON

---

known as "controversy without action." When statutes providing a particular remedy are unconditionally repealed the remedy is gone.

If plaintiff desires to pursue the matter further, action must be brought under the new statutes with additional necessary parties defendant as pointed out by the Court of Appeals.

[3]     This proceeding, having abated on 1 January 1970 when repeal of the statutes under which it was brought became effective, is remanded to the Court of Appeals where it will be certified to the Superior Court of Carteret County for judgment of dismissal.

Remanded.