IN THE MATTER OF TED HEATH, BY AND THROUGH HIS FATHER, DONALD HEATH, PLAINTIFF v. BOARD OF COMMISSIONERS OF GUILFORD COUNTY, DEFENDANT AND ..THIRD-PARTY PLAINTIFF v. LLOYD S. FREEMAN, THIRD-PARTY DEFENDANT

No. 63

(Filed 14 April 1977)

1. Animals § 4— dog bite — strict liability of county for damages

In an action to recover from defendant board of county commissioners for personal injuries inflicted by a dog, defendant's contention that when the General Assembly enacted G.S. 67-13 it never intended to impose strict liability upon a county for all injuries and destruction caused by dogs or to abolish common law defenses previously existing to claims based on injuries inflicted by dogs is without merit, since, on its face, the statute required the county to honor a plaintiff's claim simply upon satisfactory proof of the amount of damage done and of all reasonable expenses incurred.

2. Animals § 4; Statutes § 11— dog bite — liability of county — statute repealed — savings clause

Plaintiff's claim against defendant board of county commissioners for injuries inflicted by a dog survived the repeal of G.S. 67-13 pursuant to the "savings clause" of the repealing act, since the injury complained of occurred on 6 May 1973 and the savings clause manifested the legislative intent that the repeal of G.S. 67-13 not extinguish any legal right existing before 1 February 1974.

**3. Indemnity § 3; Rules of Civil Procedure § 14— suit by indemnitee — payment of claim not required first**

Since enactment of G.S. 1A-1, Rule 14, which provides that at any time after commencement of an action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him, it is no longer true that an indemnitee cannot sue the party ultimately liable to him until after the indemnitee has paid the claim.

**4. Animals § 4— dog bite — liability of county — county's cause of action against owner**

In an action to recover from defendant board of county commissioners for injuries inflicted by a dog, the county acquired a cause of action against third-party defendant dog owner from the moment his dog injured plaintiff, and that cause of action survived the repeal of G.S. 67-13.

Justice EXUM dissenting in part.

Justice LAKE joins in the dissenting opinion.

ON petition for discretionary review of the unreported decision of the Court of Appeals (filed 7 April 1976) upholding the judgments of *Crissman, J.,* and *Collier, J.,* entered respectively at the 19 August 1974 and the 31 March 1975 sessions of the Superior Court of GUILFORD County, High Point Division. This appeal was docketed and argued as Case No. 49 at the Fall Term 1976.

Claim under G.S. 67-13 (1965) as amended by 1933 N. C. Sess. Laws, ch. 547 for personal injuries inflicted by a dog.

On 5 February 1974 claimant Ted Heath, 12 years old, by and through his father, Donald Heath, filed a claim with the Guilford County Board of Commissioners (Board) for $15,000. In the claim Heath asserted that on 6 May 1973 claimant was walking "along the side of a garden" located in back of an auto repair shop operated by Lloyd S. Freeman in High Point; that Freeman owned a vicious dog which he kept restrained on a long chain attached to a stob at the edge of the building; that Freeman had posted no warnings of the presence of this dog, which was unattended; that claimant was never aware of the dog's presence until it attacked him from behind without ever having made a sound; that the dog's bite mangled the muscles of claimant's leg and caused him permanent injury.

At its next regular session after the claim was filed (on 4 March 1974), the Board heard claimant's evidence and rejected his claim on the ground that he "has no cause of action at law." Claimant appealed this decision to the Superior Court and demanded a jury trial. Thereafter the Board filed its answer to the claim and moved under G.S. 1A-1, Rule 14 (1969) that the dog's owner, Lloyd S. Freeman, be made a third-party defendant to the proceeding. Kivett, J., granted this motion and the Board filed its complaint against Freeman alleging that it was entitled to recover from him any monies which the court might require the county to pay claimant.

Freeman moved to dismiss the complaint against him on the ground, *inter alia,* that G.S. 67-13, the statute on which the Board also based its claim to reimbursement, had been repealed by 1973 N. C. Sess. Laws, ch. 822, § 6(b), effective 1 February 1974, a date prior to the time any right of reimbursement could have accrued or vested in the Board. Crissman, J., allowed this motion on 29 August 1974. The Board excepted and noted its appeal to the Court of Appeals.

Thereafter the Board moved to dismiss claimant's claim on the ground that the repeal of G.S. 67-13 prior to the time the claim was filed destroyed both claimant's right and his remedy. Judge Crissman denied this motion on 17 September 1974. The Board next moved for summary judgment. In support of this motion it filed an affidavit by Freeman, who averred that he was the owner of the dog alleged to have injured the claimant; that at the time the injuries were allegedly inflicted the dog was chained on Freeman's property which, to the best of his knowledge, "was not used by any neighborhood children as a shortcut or path between any other properties." Judge Collier denied the Board's motion, and the case went to trial.

The jury's verdict established that on 6 May 1973 in Guilford County Ted Heath was injured by a dog and, in consequence, he was entitled to recover $5,000 from the funds derived from license taxes on dogs in Guilford County. The county appealed to the Court of Appeals from the judgment entered upon the verdict and from Judge Crissman's order dismissing Board's cross action against Freeman. The Court of Appeals affirmed Judge Crissman's order and found no error in the trial before Judge Collier.

*William L. Daisy, Assistant County Attorney, for defendant and third-party plaintiff appellant.*

*Bencini, Wyatt, Early & Harris by William E. Wheeler for third-party defendant-appellee.*

*· Gardner and Tate by Rossie Gardner and Raymond A. Bretzmann for plaintiff appellee.*

SHARP, Chief Justice.

In 1973 G.S. 67-13 (1965) provided:

"[I]t shall be the duty of the county commissioners, upon complaint made to them of injury to person or injury to or destruction of property by any dog, upon satisfactory proof of such injury or destruction, to appoint three freeholders to ascertain the amount of damage done, including necessary treatment, if any, and all reasonable expenses incurred, and upon the coming in of the report of such jury of the damage as aforesaid, the said county commissioners shall order the same paid out of any monies arising from the tax on dogs as provided for in this article. And in cases where the owner of such dog or dogs is known or can be ascertained, he shall reimburse the county to the amount paid out for such injury or destruction. To enforce collection of this amount the county commissioners are hereby authorized and empowered to sue for the same."

1933 N. C. Sess. Laws ch. 547, amended G.S. 67-13 for the counties of Guilford and Forsyth by adding at the end thereof the following:

"*Provided,* that when any claim is presented to the Board of County Commissioners under authority of this section said Board may, in its discretion, in lieu of the procedure above provided for in this section, require the claimant to appear before said Board at its next regular meeting and furnish proof in support of said claim. After hearing the evidence submitted for and against said claim said Board shall ascertain the amount of damages, if any, and shall order the same paid out of any monies arising from the tax on dogs, as provided for in this section. The claimant may, within ten days, appeal to the Superior Court by giving written notice to the said Board as in cases of appeal from a Justice of the Peace."

[1] The Board contends that when the General Assembly enacted G.S. 67-13 it never intended to impose strict liability upon a county for all injuries and destruction caused by dogs or to abolish common law defenses previously existing to claims based on injuries inflicted by dogs. The most cursory reading of the foregoing statute, however, refutes this contention. It is immediately obvious that the statute made no mention of the common law elements imposing liability on dog owners for the misdeeds of their animals. There are no requirements: (1) that the dog be dangerous and vicious toward persons; (2) that the owner know of the dog's propensities; or (3) that the owner be negligent in failing to confine the dog or in his manner of restraining the dog. *See Sink v. Moore*, 267 N.C. 344, 148 S.E. 2d 265 (1966). Nor does the statute mention the common law defense of contributory negligence or trespass. *Cf. Hobson v. Holt*, 233 N.C. 81, 62 S.E. 2d 524 (1950) (contributory negligence available as a defense in a suit to recover damages inflicted by an animal); *Burke v. Fischer*, 298 Ky. 157, 182 S.W. 2d 638 (1944) (assumption of risk and provocation are acceptable defenses to a suit to recover damages inflicted by a dog). On its face, the statute required the county to honor a plaintiff's claim simply "upon satisfactory proof" of "the amount of damage done" and of "all reasonable expenses incurred." Thus, whether the injury was caused by a playful or an angry dog has been held to be without significance to a recovery under the act. *In re Truitt*, 269 N.C. 249, 152 S.E. 2d 74 (1967).

To the limit of monies arising from the tax on dogs, G.S. 67-13 imposed absolute liability on the county for injury and destruction caused by a dog and on the dog owner, who is required to reimburse the county "to the amount [it] paid out" for such damage. *See Board of County Commissioners v. George*, 182 N.C. 414, 109 S.E. 77 (1921); Note, *Torts—Dog Owner's Statutory Liability in North Carolina*, 45 N.C.L. Rev. 1118, 1128 (1967). The language of the statute is clear; its purpose and meaning are unmistakable. Thus, "there is no room for construction." *State v. Norfolk Southern R. Co.*, 168 N.C. 103, 82 S.E. 963 (1914). *Accord, Perrell v. Beaty Service Co.*, 248 N.C. 153, 102 S.E. 2d 785 (1958).

This statute absolves neither the county nor the dog owner for injuries inflicted by the dog albeit the injured party was a trespasser and the dog restrained by a chain when he inflicted the injury. We therefore may not construe these exceptions

into the act. Accordingly, on the facts of this case, we overrule defendant's assignment of error No. 3, which challenges the judge's instructions to the jury that if they found plaintiff had been injured by a dog in Guilford County, the county would be liable for the amount of damages inflicted. In so doing we note the absence of any evidence that claimant was tormenting or mistreating the dog at the time he was attacked. On the contrary, all the evidence tended to show he was unaware of the dog's presence.

We further note that this ruling is in accord with the decisions of other jurisdictions which have had statutes similar to G.S. 67-13. *See Town of Wallingford v. Neal,* 108 Conn. 152, 142 A. 805 (1928) ; *McGlone v. Womack,* 129 Ky. 274, 111 S.W. 688 (1908) ; *Town of Richmond v. James,* 27 R.I. 154, 61 A. 54 (1905).

Effective 1 February 1974, four days before claimant filed his claim with the Board, G.S. 67-13 and all its local modifications were repealed by 1973 N. C. Sess. Laws, ch. 822, § 6 (repealing act). The Board and Freeman contend that the repeal of G.S. 67-13 absolved each of them of any liability for the injuries which Freeman's dog inflicted upon claimant. We must therefore consider the effect of the repeal upon this claim. The rules have been clearly stated:

"When statutes providing a particular remedy are unconditionally repealed, the remedy is gone." *Spooner's Creek Land Corp. v. Styron,* 276 N.C. 494, 496, 172 S.E. 2d 54, 55 (1970). "In order to permit a proceeding to survive [the repeal of the underlying statute authorizing the proceeding or creating the cause of action] there must be a saving clause in the repealing act." *In re Incorporation of Indian Hills,* 280 N.C. 659, 663, 186 S.E. 2d 909, 912 (1972). Citing these cases, third-party defendant Freeman successfully argued before Judge Crissman that the county's right to reimbursement had disappeared with the repeal of G.S. 67-13. However, when the county sought to avail itself of the same doctrines on its motion for summary judgment against Heath, Judge Collier correctly ruled that G.S. 67-13 had not been *unconditionally* repealed. The repealing act contained a savings clause.

Heath v. Board of Commissioners

Section 9 of the repealing act provides:

"No provision of this act is intended, nor may any be construed, to effect in any way a right or interest, public or private:

"(a) Now vested or accrued, *in whole or in part*, the validity of which might be sustained or preserved by reference to a provision of law repealed by this act (emphasis added); or

"(b) Derived from or which might be sustained or preserved in reliance upon, action . . . taken before the effective date of this act pursuant to or within the scope of a provision of law repealed by this act."

Section 12 provides:

"No action or proceeding of any nature . . . pending at the effective date of this act is abated or otherwise affected by the adoption of this act."

[2]    The all-inclusive language of the two subsections of section 9 and section 12 constitutes "saving clauses" which clearly manifest the legislative intent that the repeal of G.S. 67-13 not extinguish any legal right existing before 1 February 1974. Claimant's injury having been inflicted by a dog on 6 May 1973, we hold that his claim survived the repeal of G.S. 67-13 under the specific protection of § 9(a) of the Repealing Act. The question whether the county's right to reimbursement from Freeman survived the statute's repeal is somewhat more complicated.

Freeman argues (1) that the county's statutory right to reimbursement is similar to indemnity or subrogation and, as such, it could not accrue or vest, in whole or in part, until the county had paid Heath's claim; and (2) that since the county has paid claimant nothing it has no action against Freeman for reimbursement. In support of his contentions Freeman relies upon *Pittman v. Snedeker*, 264 N.C. 55, 57, 140 S.E. 2d 740, 742-43 (1965), *Insurance Co. v. Gibbs*, 260 N.C. 681, 687, 133 S.E. 2d 669, 674 (1963), and similar cases which hold that an indemnitee's right of action accrues at the time of payment, not before.

[3]    However, since the enactment of G.S. 1A-1, Rule 14 (1969), at any time after commencement of an action "a defendant, as

a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is *or may be* liable to him for all or part of the plaintiff's claim against him" (emphasis added). It is, therefore, no longer true that an indemnitee cannot sue the party ultimately liable to him until after the indemnitee has paid the claim.

The purpose of Rule 14 is to promote judicial efficiency and the convenience of parties by eliminating circuity of action. "When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action. Doing so eliminates duplication in the presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof. Additionally, the third-party practice procedure is advantageous in that a potentially damaging time lag between a judgment against defendant in one action and a judgment in his favor against the party ultimately liable in a subsequent action will be avoided. In short, Rule 14 is intended to provide a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically." Wright & Miller, Federal Practice and Procedure § 1442 (1971). *Accord,* 3 Moore's Federal Practice, ¶ 14.04 (1974).

These salutary purposes should not be frustrated whenever the defendant indemnitee denies his liability and resists paying the plaintiff's claim. Yet this is precisely what would happen here were the courts to cling to the doctrine that no liability exists in the indemnitor to the indemnitee (and thus no cause of action arises) until the indemnitee had first satisfied the underlying obligation. Accordingly, in order to reconcile Rule 14 practice with the old substantive law of indemnification, the federal courts developed a doctrine of accelerated liability which allows third-party practice without the initial payment of the underlying liability. *Glenn Falls Indemnity Co. v. Atlantic Bldg. Co.,* 199 F. 2d 60, 63 (4th Cir. 1952) ; *Bosin v. Minneapolis, St. P. & S. Ste. M. R. Co.,* 183 F. Supp. 820, 823 (E. D. Wis. 1960). *See generally,* 3 Moore's Federal Practice, *supra,* ¶ 14.08.

Rule 14 does not create any substantive rights where none existed before, and allowing a defendant indemnitee to implead a third-party defendant before the indemnitee has paid the debt owing to the plaintiff does not create any new substantive

rights in the indemnitee. 3 Moore's Federal Practice ¶ 14.03 (1974); Wright & Miller, Federal Practice and Procedure § 1446 (1971); Shuford, North Carolina Civil Practice and Procedure § 14-3 (1975). Thus, the county could not have sued Freeman independently of Heath's suit unless it had first paid his claim. Nor could the county collect from Freeman in this consolidated suit until both had been found liable and the county had paid the judgment. 3 Moore's Federal Practice, *supra,* ¶ 14.08. Nonetheless, a cause of action now arises in the indemnitee where he impleads a third-party defendant before he pays the claim for which the indemnitor must reimburse him. When he brings a separate suit against the person whose action caused the loss the rule stated in *Insurance Co. v. Gibbs, supra,* prevails.

We need not explore further the question of when this cause of action accrues in an ordinary civil suit for indemnification, because the instant case involves a statutory scheme of primary liability with reimbursement which implicitly established the date on which the right to reimbursement arose in the county. Freeman became exposed to an action at common law by Ted Heath on 6 May 1973 when his dog bit the youth. On the same date, the county became liable to an action by Heath brought under G.S. 67-13.

The purpose of this statute was not to relieve the dog owner of liability or to make the county an insurer for the behavior of dogs with known and solvent owners. The same statute which granted a cause of action in the dog's victim also created a cause of action in the county against the dog owner. The two are indissoluble parts of an entire plan, the purpose of which was to make dog owners insurers of the good behavior of their animals.

If a dog-bite victim chooses to seek relief under G.S. 67-13 the fact that the statute requires him to proceed against the county does not mean that the dog owner is relieved of ultimate responsibility for his dog's bite. The statute was never intended to allow the dog's victim to recover from the county without allowing the county to recover over against the dog owner, where known.

[4]  Thus, when we view the facts of this case in the light of the statute's purpose and, by analogy to ordinary indemnifica-

Heath v. Board of Commissioners

tion practice under Rule 14, it is clear that the county acquired a cause of action against Freeman from the moment his dog injured a claimant. The repealing act saves any "right or interest, public or private: (a) Now vested or accrued, in whole or in part." This all inclusive language demonstrates the legislature's intent to save every conceivable legal interest which had been created before the effective date of the repeal of G.S. 67-13 on 1 February 1974.

Accordingly, we hold that Guilford County had a vested right within the meaning of the repealing act which survived the repeal of G.S. 67-13. Thus the decision of the Court of Appeals upholding the judgment of Crissman, J., granting third-party defendant's motion to dismiss the county's complaint was erroneous and therefore reversed.

This cause is remanded to the Court of Appeals with directions to remand it to the Superior Court of Guilford County, High Point Division, for additional proceedings consistent with this opinion.

As to claimant Heath—affirmed;

As to third-party defendant Freeman—reversed.

Justice EXUM dissenting in part:

In its appeal from the judgment entered against it on the verdict Guilford County assigned as error the submission to the jury of the damages issue on the theory that damages were recoverable as in any ordinary negligence action. The county contends that the only damages recoverable under the statute, G.S. 67-13 (1965), are reasonably necessary medical expenses and other out-of-pocket losses attributable to the dog bite. I agree with the county's contention and disagree with the implicit holding of the majority that the damages recoverable are those which would be recoverable in an ordinary personal injury suit grounded on negligence.

The statute, as I would interpret it, limits the damages recoverable to reasonably necessary medical expenses and other out-of-pocket losses of the plaintiff. Before the proviso was added the statute provided that "three freeholders" would "ascertain the amount of the *damage done,* including necessary treatment, if any, and all reasonable expenses incurred . . . . " (Emphasis added.) This language seems clearly intended to

---

limit recovery to actual expenses incurred by the claimant insofar as they are necessary and reasonable. The word "damage" is not used in the sense of "damages" recoverable but in its more ordinary sense of the physical "damage done" by the bite itself. Such damage is to be determined as a means of further ascertaining what treatment was "necessary" and what expenses were "reasonable." The purpose of the proviso, although it refers only to "damages" to be ascertained by the board or a jury, is not, it seems, to alter the measure of recovery but to change the method by which it is ascertained.

The recovery is to be had in all events out of a limited fund created by the levy of an annual $1.00 dog tax against dog owners in the county. Recovery must necessarily be limited by the amount in the fund. The county, moreover, as the majority correctly notes, is strictly liable without the benefit of any common law defenses. These facts militate in favor of the construction which I propose. A claimant who wants more damages than the statute permits is free, of course, to file a negligence action against the dog owner.

I think, therefore, there was error in the submission of the damages issue to the jury and the county's assignment of error directed thereto should be sustained. I would remand the case for a new trial on the damages issue.

Justice LAKE joins in the dissenting opinion.