ANDREA D. GREEN, by her Guardian ad Litem, KENNETH R. DOWNS, and
HENRY FRANK GREEN, Plaintiffs v. DUKE POWER COMPANY, a
North Carolina Corporation, Defendant and Third-Party Plaintiff v.
HENRY THOMAS EANES and HOUSING AUTHORITY OF THE CITY OF
CHARLOTTE, NORTH CAROLINA, Third-Party Defendants

No. 8026SC637

(Filed 17 February 1981)

**Appeal and Error § 6.2— summary judgment for third party defendants —
order interlocutory — no substantial right affected — order not appealable**

> In an action to recover damages for injuries received by plaintiff when she
> came into contact with the interior wiring of an electrical transformer where
> defendant sought contribution from third party defendants as joint tort-feasors,
> the trial court's order entering summary judgment for third party defendants
> adjudicated fewer than all the claims or rights and liabilities of all the parties, no
> substantial right of plaintiff was affected, and the trial judge refrained from and
> refused to certify the case for appeal so that plaintiff's appeal was interlocutory
> and must be dismissed.

APPEAL by defendant and third-party plaintiff from *Burroughs, Judge.* Judgments entered 26 February 1980 and 5 March
1980 in Superior Court, MECKLENBURG County. Heard in the Court
of Appeals 15 January 1981.

Plaintiff Andrea Green (Andrea), a minor, and plaintiff
Henry Frank Green, Andrea's father, brought suit against defendant Duke Power Company (Duke) to recover damages for injuries
received by Andrea when she came into contact with the interior
wiring of a ground level electrical transformer and to recover
expenses for her subsequent medical treatment. Defendant Duke
brought a third-party action against defendants Eanes and Housing Authority (Authority) seeking contribution from each of them
as joint tort-feasors.

After the pleadings were joined, the parties submitted and
obtained responses to requests for admissions, interrogatories, and
requests for production of documents. Defendants Eanes and Authority then moved for summary judgment. After a hearing, their
motions were granted. In its judgments, the trial court did not
certify (pursuant to G.S. 1A-1, Rule 54) that there was no just reason
for delay. Duke gave timely notice of appeal from these judgments
on 21 February 1980.

On 27 March 1980, Duke moved the trial court for an order

staying the trial of the case pending final resolution of Duke's appeal from the summary judgments. On 15 May 1980, Duke obtained an order extending time to serve their proposed record on appeal to 6 June 1980. On 30 May 1980, Duke filed a motion "pursuant to Rule 54 of the Rules of Civil Procedure" to amend the judgments for the third-party defendants to include a finding by the trial court that "there is no just reason for delay". On 5 June 1980, the trial court entered an order denying this motion and an order denying Duke's motion to stay the trial pending resolution of Duke's appeal.

Duke's appeal was docketed in this Court on 30 June 1980. On 3 July 1980 and 7 July 1980 respectively, Eanes and Authority moved this Court to dismiss Duke's appeal as interlocutory. On 3 July 1980, Duke petitioned this Court for a writ of supersedeas to stay the trial of the action between plaintiffs and Duke, pending the determination of Duke's appeal from the judgments in favor of Eanes and Authority. On 17 July 1980, a panel of this Court entered orders denying Eanes' and Authority's motions to dismiss Duke's appeal and allowing Duke's petition for a writ of supersedeas.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe and Irvin W. Hankins III, for defendant and third-party plaintiff appellant Duke Power Company.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Hatcher Kincheloe, for third-party defendant appellee Eanes.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews, for third-party defendant appellee Housing Authority of the City of Charlotte, North Carolina.*

WELLS, Judge.

Although Eanes' and Authority's motions to dismiss Duke's appeal as interlocutory were denied by another panel of judges of this Court, and although this question was not argued by either party before this Court, we believe that the opinion of our Supreme Court in *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980) requires us to consider the question and to dismiss this appeal.

In *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980), *appeal dismissed*, 301 N.C. 92, 273 S.E. 2d 298 (1980), we discussed at length the certification requirement of G.S. 1A-1, Rule 54(b). In that opinion, we recognized that the Rule 54(b) procedure

establishes the trial court as the "dispatcher" of appeals to the appellate division. This vital role of the trial courts has been sanctioned and upheld by our Federal courts, interpreting the provisions of Federal Rule 54(b) from which our Rule was taken.[1]

Following our model in *Leasing Corp., supra,* at 170, 265 S.E. 2d at 246, we must first determine whether the entry of summary judgment in favor of the third-party defendants Eanes and Authority affects a substantial right of third-party plaintiff Duke, so as to by-pass the Rule 54(b) procedure through application of the provisions of G.S. 1-277 or 7A-27. We hold that no such substantial right has been affected in this case because by preserving its exception to the granting of the summary judgments, Duke has preserved its right to pursue its claims against the third-party defendants *in the event of judgment for the plaintiffs against Duke.*

Duke asserts that it has a substantial right to have its claim for contribution against the third-party defendants tried before the same court and jury which tries plaintiffs' claims against it. In support of its argument, Duke cites *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976) and *Heath v. Board of Commissioners,* 292 N.C. 369, 233 S.E. 2d 889 (1977). We believe both *Oestreicher* and *Heath* must be distinguished from the case *sub judice.* As Chief Justice Sharp succinctly pointed out in her concurrence in *Oestreicher,* that case involved but one claim for relief, which presented issues for compensatory and punitive damages. In agreeing that plaintiff was entitled to the substantial right of having these two *issues* tried before the same court and jury, Justice Sharp said: "In such a situation, however, multiple claims are not involved. [W]hen

---

[1] *See Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 100 L.Ed. 1297, 76 S.Ct. 895 (1956), in which we find the following language:

> To meet the demonstrated need for flexibility, the District Court is used as a "dispatcher." It is permitted to determine, in the first instance, the appropriate *time when each "final decision"* upon "one or more but less than all" of the claims in a multiple claims action is ready for appeal. This arrangement already has lent welcome certainty to the appellate procedure. Its "negative effect" has met with uniform approval.

351 U.S. at 435, 100 L.Ed. at 1306, 76 S.Ct. at 899-900. This subject was again before the United States Supreme Court in *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 64 L.Ed. 2d 1, 100 S.Ct. 1460 (1980), where the Court reached a similar conclusion and quoted with approval pertinent language from *Sears.*

Green v. Power Co.

plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [of Rule 54] does not apply.'" *Oestreicher v. Stores, supra,* at 145, 225 S.E. 2d at 813-14.

*Heath* involved no interpretation of Rule 54(b). That Rule is not mentioned in the opinion. *Heath* dealt with the impact of the adoption of G.S. 1A-1, Rule 14 on the time at which a cause of action for indemnification arises. While we find no argument with the Court's statements about the purposes of Rule 14 found in *Heath,* such statements are mere dicta vis a vis the Rule 54(b) issue in this case.

Following the trial of plaintiffs' actions against Duke, if judgment is entered against it, it may then seek contribution from Eanes and the Authority as joint tort-feasors. G.S. 1B-1; *Pearsall v. Power Co.,* 258 N.C. 639, 129 S.E. 2d 217 (1963). The entry of summary judgment in favor of Eanes and the Authority in this case did not have the effect of destroying, impairing, or seriously imperiling Duke's right to seek such contribution. *See Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950). The avoidance of a separate trial on Duke's separate claims is not such a substantial right as would justify the by-passing of Rule 54(b) requirements which Duke seeks in this appeal. *See Cook v. Tobacco Co.,* 47 N.C. App. 187, 266 S.E. 2d 754 (1980).

No substantial right being involved, and it being obvious that the judgments entered adjudicate fewer than all the claims or the rights and liabilities of all the parties, Rule 54(b), and the trial judge having refrained from and refused to certify this case for appeal, the appeal is interlocutory and must be dismissed. *See Bailey v. Gooding, supra.*

This appeal is

Dismissed.

The writ of supersedeas previously issued in this case is hereby

Dissolved.

Judges ARNOLD and MARTIN (Robert M.) concur.