EDDIE SUMNER BUCHANAN v. HUNTER DOUGLAS, INC., AND ALUMARK CORPORATION, FORMERLY KNOWN AS HUNTER BUILDING PRODUCTS, INC.

No. 879SC5

(Filed 1 September 1987)

**Statutes § 11; Actions § 12— repeal of statute—simultaneous passage of new act— survival of action**

      The trial court erred by granting defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff on 12 March 1985 alleged under Chapter 168 of the North Carolina General Statutes that he had been laid off and not recalled because of his handicap; plaintiff entered a voluntary dismissal without prejudice on 26 August 1985; N.C.G.S. § 168-6 was repealed on 10 October 1985 and Chapter 168A was simultaneously made effective; and plaintiff reinitiated his cause of action against defendants under N.C.G.S. § 168-6 on 21 March 1986. The complaint was sufficient to put defendants on notice of the events or transactions which produced the claim and, even though the General Assembly did not include a savings clause in the repeal of N.C.G.S. § 168-6, the same remedy was immediately available for the same injury in the new act without any intervening period in which plaintiff's claim was without legal redress.

APPEAL by plaintiff from *Johnson, Judge.* Order entered 6 October 1986 in Superior Court, PERSON County. Heard in the Court of Appeals 13 May 1987.

    *Ronnie P. King for plaintiff appellant.*

    *Maupin, Taylor, Ellis & Adams by James A. Roberts, III, and Thomas A. Farr for defendant appellees.*

COZORT, Judge.

The plaintiff appellant, Eddie Sumner Buchanan, alleges in his complaint that due to circumstances surrounding his birth, he is physically handicapped with symptoms that resemble cerebral palsy. Mr. Buchanan was hired by the defendant, Hunter Douglas, Inc., on 19 February 1968. He worked for the defendant in various employment positions until 15 March 1984, at which time the

employment relation between the plaintiff and the defendant was terminated. The plaintiff alleges that he was laid off and not recalled because of his handicap; the defendant counters that the plaintiff was not laid off, but was "discharged by Hunter Douglas as part of a general reduction of force." The plaintiff filed a civil suit on 12 March 1985 against the defendant pursuant to the provisions of Chapter 168 of the North Carolina General Statutes. On 26 August 1985, the plaintiff entered a voluntary dismissal without prejudice.

On 21 March 1986, the plaintiff reinitiated his cause of action against the defendants as authorized by Rule 41(c)(1) of the North Carolina Rules of Civil Procedure. Each of the five claims for relief in this latest complaint are based on N.C.G.S. § 168-6. This statute, however, was repealed by the North Carolina General Assembly on 1 October 1985, which was, as is evident from the foregoing, after this action was first brought and voluntarily dismissed, but before the time allowed to refile by Rule 41 of the North Carolina Rules of Civil Procedure had expired.

The defendants moved the trial court to dismiss the suit on the authority of Rule 12(b)(6), arguing that the repeal of N.C.G.S. § 168-6 by the North Carolina General Assembly, without a saving clause that would allow plaintiff's action to survive, extinguished the plaintiff's ability to pursue the relief he now seeks. The trial court granted the defendant's motion, and this case was dismissed as failing to state a claim upon which relief could be granted. We disagree and remand this case for trial.

Prior to its repeal by Session Laws 1985, c. 714, s. 1, effective 1 October 1985, N.C.G.S. § 168-6 read as follows:

> Handicapped persons shall be employed in the State service, the service of the political subdivisions of the State, in the public schools, and in all other employment, both public and private, on the same terms and conditions as the ablebodied, unless it is shown that the particular disability impairs the performance of the work involved.

Although it is unquestioned that this statute was repealed, simultaneous with that repeal, the North Carolina General Assembly made effective 1 October 1985, Chapter 168A, entitled the Handicapped Persons Protection Act. N.C.G.S. § 168A-1, et seq. The

stated purpose of that Act was to legislatively encourage participation by handicapped persons in our State's work force and to prohibit any discriminatory practices by individuals within the section's statutory definition. N.C.G.S. § 168A-2.

Any handicapped person that is aggrieved by a discriminatory practice prohibited by the act is therein authorized to bring a civil action to "enforce rights granted or protected by this Chapter." N.C.G.S. § 168A-11(a). Under this new law, it is a discriminatory practice when

> [a]n employer fail[s] to hire or consider for employment or promotion, to discharge, or otherwise to discriminate against a qualified handicapped person on the basis of a handicapping condition with respect to compensation or the terms, conditions, or privileges of employment.

N.C.G.S. § 168A-5(a)(1).

The defendants argue that before a cause of action can survive the repeal of the statute upon which that action is based, "there must be a saving clause in the repealing act or a general saving statute applicable to all cases." *In re Incorporation of Indian Hills*, 280 N.C. 659, 664, 186 S.E. 2d 909, 912 (1972). They contend further that "[w]hen statutes providing a particular remedy are unconditionally repealed the remedy is gone." *Spooner's Creek Land Corporation v. Styron*, 276 N.C. 494, 496, 172 S.E. 2d 54, 55 (1970). The appellees conclude their argument with the contention that the Legislature's repeal of § 168-6 did not include a "saving clause," and the plaintiff's complaint thus did in fact fail to state a claim upon which relief could be granted. This argument, although certainly valid in certain circumstances, is not applicable to the facts of this case.

According to N.C.G.S. § 1A-1, Rule 8, a pleading shall contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief . . . ." N.C.G.S. § 1A-1, Rule 8(a)(1). If a plaintiff's claim is mislabeled in his complaint, that fact will not, in and of itself, prove fatal to the action if critical facts are sufficiently pled in the body of the complaint that will give the adverse party notice of the assertions against him.

> The requirements of N.C.R. Civ. P. 8(a) are met when a pleading "gives sufficient notice of the events, or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial." *Sutton v. Duke*, 277 N.C. 94, 104, 176 S.E. 2d 161, 164 (1970). We note also that N.C.R. Civ. P. 54(c) requires that every final judgment, with the exception of judgments rendered by default, "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Thus when the allegations in the complaint give sufficient notice of the wrong complained of an incorrect choice of legal theory should not result in dismissal of the claim *if the allegations are sufficient to state a claim under some legal theory.*

*Stanback v. Stanback*, 297 N.C. 181, 201-02, 254 S.E. 2d 611, 624-25 (1979) (emphasis added). The court in *Stanback* cautioned that "[i]n order to survive a motion to dismiss, however, the allegations of a mislabeled claim must reveal that plaintiff has properly stated a claim under a different legal theory." *Id.* at 202, 254 S.E. 2d at 625.

First, it is clear that the complaint was sufficient to put the defendants on notice of the events or transactions which produced this claim. Second, even though the General Assembly did not include a saving clause in the repeal of § 168-6, the same remedy was immediately available to the plaintiff for the same injury in the new act, without any intervening period in which this plaintiff's claim was without legal redress. *See Indian Hills*, 280 N.C. at 662-64, 186 S.E. 2d at 911-12. It would be a grave injustice for this Court to foreclose the remedy of plaintiff and other similarly situated persons when the North Carolina General Assembly so clearly did not intend this particular cause of action to expire.

In light of the foregoing, we hold that plaintiff is, on the issue presented by these pleadings, entitled to his day in court. Although the statutory designation of the remedy sought has changed since this action was originally filed, it has never ceased to exist.

We therefore reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges PHILLIPS and GREENE concur.