***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 *********** EVIDENTIARY RULING
Plaintiff complains that the Deputy Commissioner erred in admitting hearsay documents to the effect that plaintiff defrauded, or attempted to defraud, his co-workers. The Full Commission finds that Defendant's Exhibits 1 and 2 (Transcript Exhibits p. 7-17) are hearsay statements made by persons outside the presence of the courtroom and offered for proof of the matters asserted therein, and thereby are impermissible hearsay which should not have been admitted as competent evidence. N.C. Rules of Evidence, Rules 801 and 802. The Full Commission sustains plaintiff's objections, however, also finds that Thomas Nelson Malone was called as a witness in the evidentiary hearing before the Deputy Commissioner and that Mr. Malone conducted an investigation, documented by Defendant's Exhibit 3, of plaintiff's activity and that plaintiff was terminated for violation of company policy for soliciting money from co-workers under false pretenses. More significantly, Mr. Malone testified, and the Full Commission accepts as fact, that Plaintiff admitted, in the course of Mr. Malone's investigation, that he solicited money from co-workers under false pretense. This admission is an exception to the hearsay rule, Rule 804(b)(3) (statement against interest), and also establishes the essential facts sought by the Defendant in the admission of Exhibits 1 and 2. Therefore, any error in admitting Defendants Exhibits 1 and 2 was harmless because the significance of these facts was established through other, admissible evidence.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times herein.
3. Travelers Insurance Company was the carrier on the risk at all times relevant herein.
4. The parties stipulated that the date of plaintiff's compensable injury by accident was January 25, 1995.
5. The parties stipulated that plaintiff's average weekly wage at the time of the compensable injury by accident was $978.43, yielding a compensation rate of $478.00 per week.
 ***********
Based upon all the admissible and competent evidence adduced from the record, the Full Commission makes the following additional
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 41 years old and had completed the tenth grade.
2. Plaintiff sustained a compensable injury at work on January 25, 1995, when his right arm was pulled into a tire machine. Plaintiff suffered a partial rotator cuff tear and a spiral fracture to his fourth finger. Plaintiff was subsequently referred to Dr. Van Tran, neurologist, for nerve conduction studies, which were performed on February 13, 1995. The results were normal.
3. Plaintiff underwent a rotator cuff repair by Dr. Gilbert, orthopaedist, in July 1995. Plaintiff progressed slowly in his recovery and nerve studies were performed again by Dr. Van Tran on September 19, 1995. The findings showed no evidence of nerve injury. Due to plaintiff's continued complaints of pain, extensive nerve studies were performed again by Dr. Van Tran on July 28, 1997. There was no evidence of any injury in plaintiff's wrist, forearm, armpit, or neck.
4. Plaintiff's symptoms did not resolve and he was referred to Dr. Collins, neurologist, for more nerve studies, which were performed on March 10, 1998. This time the results were consistent with a brachial plexus injury, but Dr. Collins opined that given the normal results obtained by Dr. Van Tran in 1996 and 1997, the compensable injury plaintiff sustained in 1995 could not have been the cause of the brachial plexus injury.
5. Plaintiff received a second opinion evaluation from Dr. Rowan, orthopaedist, who diagnosed plaintiff with persistent right shoulder impingement syndrome with a residual spur. Dr. Rowan performed a repeat arthroscopic decompression on January 22, 1996.
6. Plaintiff continued to complain of pain, which puzzled Dr. Rowan, who believed plaintiff should have experienced relief from his treatment. Drs. Rowan and Collins opined that there is no medical explanation for plaintiff's continued complaints of pain and noted a psychological component to plaintiff's symptoms. Furthermore, in his physical therapy sessions, plaintiff was observed engaging in full use of his arm when he thought no one was watching him.
7. Plaintiff has received permanent partial disability ratings of 20% from Dr. Gilbert and 15% from Dr. Rowan to his right arm. The parties entered into an Industrial Commission Form 26 agreement for compensation of a 17.5% permanent partial disability rating to plaintiff's arm, which was approved on December 16, 1997.
8. Plaintiff was authorized by Dr. Rowan to return to work. Plaintiff subsequently returned to work for defendant-employer at a suitable job operating a forklift with hydraulic controls in July 1996. This job required plaintiff to sit on the forklift and maneuver it to pick up containers of rubber.
9. On July 23, 1996, plaintiff reported to Dr. Rowan that he was enjoying his job as forklift operator. Dr. Collins opined that plaintiff was capable of performing this job. Plaintiff never reported any difficulties performing his job, but plaintiff testified at the hearing that he could only perform this job with one hand.
10. Plaintiff was also evaluated once by Dr. Speer on June 21, 1999 who noted no atrophy of the right shoulder and diagnosed plaintiff with arthritis. Dr. Speer also attributed plaintiff's current symptoms to his 1995 injury based solely on plaintiff's subjective complaints of pain. It is noted, however, that Dr. Speer observed a significant psychogenic component to all of plaintiff's symptoms.
11. Dr. Gilbert opined that there is no relationship between plaintiff's cervical cord syrinx and the 1995 injury, while Dr. Collins, plaintiff's treating neurologist, opined that plaintiff's brachial plexus injury is not related to the 1995 incident at work.
12. At the hearing, Bernard Armstrong, a supervisor and Area Manager for the defendant-employer, testified that plaintiff was a good employee and performed his job well and without incident until October 28, 1996, when it was discovered that he was soliciting money from his co-workers under false pretenses. Mr. Armstrong testified that plaintiff was ultimately terminated for this incident on November 4, 1996. Plaintiff's termination is unrelated to his original compensable injury and had he not been terminated for his conduct, plaintiff could have continued working for the defendant-employer as a forklift operator. Plaintiff's termination constitutes plaintiff's constructive refusal to perform the work provided by the defendant-employer.
13. At the hearing, plaintiff testified that as of the date of the hearing in the matter, he had made no independent efforts to locate suitable employment in an effort to return to work.
14. The Full Commission gives greater weight to the testimony of Drs. Van Tran, Rowan, Collins and Gilbert over that of Dr. Speer regarding whether there is a causal relationship between plaintiff's current symptoms and his original injury of 1995 because Dr. Speer only evaluated plaintiff once while the others collectively and individually treated plaintiff over a period of time offering specific treatment plans.
15. The Deputy Commissioner had the opportunity to observe the witnesses' demeanors and the intonation of their voices. Having weighed the testimony of both parties, the Deputy Commissioner gave more weight to the testimony of the defendant-employer and its witnesses. Having reviewed the competent and admissible evidence in the record, the Full Commission agrees with the Deputy Commissioner that the testimony of the defendants' witnesses is entitled to greater weight.
16. Mr. Malone testified, and the Full Commission accepts as fact, that plaintiff-employee was terminated from his employment for soliciting funds from co-workers under false pretenses in violation of company policy and that other employees would have been terminated for similar reason. Mr. Malone testified that plaintiff initially denied this conduct in the course of defendant-employer's investigation, however, that plaintiff subsequently admitted that he had made false statements to co-employees for the purpose of receiving money. Plaintiff, therefore, was discharged for reasons unrelated to his compensable workers' compensation injury. All evidence is that plaintiff could have continued in employment and would not have sustained any disability absent his termination for misconduct.
17. The competent evidence in the record establishes that plaintiff's current symptoms are not causally related to his 1995 work-related injury and thus plaintiff is not entitled to further benefits beyond November 4, 1996 when plaintiff was discharged for actions unrelated to his original compensable injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. An employee's termination for misconduct unrelated to the compensable injury for which a non-disabled employee would ordinarily be terminated is deemed to be constructive refusal to perform the work provided. Consequently, the employee forfeits any entitlement to workers' compensation benefits. Seagraves v. The Austin Co., 123 N.C. App. 228,472 S.E.2d 397 (1996). Plaintiff, by soliciting money from his co-workers under false pretenses and causing his termination, constructively refused employment. G.S. § 97-32.
2. Plaintiff has failed to carry his burden of proof to establish additional disability or change of condition under G.S. § 97-47;Haponski v. Constructor's Inc., 87 N.C. App. 85, 360 S.E.2d 109 (1987).
3. For the foregoing reasons, plaintiff is not entitled to additional benefits.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff's claim for additional benefits under the Workers' Compensation Act is DENIED.
2. Each side shall pay its own costs, except the defendants shall pay the expert witness fees of $235.00 to Dr. Gilbert, $200.00to Dr. Van Tran, $600.00 to Dr. Collins, $235.00 to Dr. Rowan and $235.00 to Dr. Speer.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER