FLOYD B. FAGGART, By His Guardian Ad Litem JOHNSON B. FAG-GART, Plaintiff v. JOHN THOMAS BIGGERS and HARRY SHOAF, Defendants and JOHN THOMAS BIGGERS, JR., Third Party Defendant

No. 7319SC465

(Filed 13 June 1973)

1. **Rules of Civil Procedure § 13— compulsory counterclaim — effect of time of filing of action**

   The words "at the time the *action* was commenced" as used in Rule 13(a)(1) with respect to compulsory counterclaims refer to the action against which the pleader is required to counterclaim, and not necessarily the primary action originally commencing the lawsuit; thus, where, as here, the defendant institutes a cross claim and a third party action, the court should look to the times of filing such cross claim and third party action to determine whether, at those times, there was pending an action whose claim involved the same subject matter as that of the proposed counterclaims.

2. **Rules of Civil Procedure § 13— counterclaims permissive — denial of motion to amend answer proper**

   Where, on the date defendant Shoaf filed a cross claim against defendant Biggers and a third party action against defendant Biggers, Jr., in this action, there was pending in superior court an action instituted by Biggers involving the same claims as set forth in the proposed counterclaims of Biggers and Biggers, Jr., the proposed counterclaims were permissive, not compulsory, and the trial court properly denied the motions of Biggers and Biggers, Jr., to amend their answers to the third party claim and cross claim in order to assert counterclaims.

APPEAL by defendant John Thomas Biggers and third party defendant John Thomas Biggers, Jr., from *Armstrong, Judge,* 26 February 1973 Session of Superior Court held in CABARRUS County.

This appeal is from the denial of a motion by the defendant John Thomas Biggers (Biggers) and the third party defendant John Thomas Biggers, Jr. (Biggers, Jr.) to amend their answers to defendant Shoaf's cross claim against Biggers for contribution and Shoaf's third party claim against Biggers, Jr., for contribution, in order to assert counterclaims against the defendant Shoaf. The appeal arises out of a civil action bearing File No. 70CVS775 brought by the minor plaintiff Floyd Faggart by his father as guardian ad litem to recover damages for personal injuries suffered in an automobile accident on 24 May 1969.

Pleadings of the parties and a stipulation by the attorneys for Biggers, Biggers, Jr., and Shoaf tend to show that on 24 May 1969 Biggers, Jr., was driving a Volkswagen owned by his father, Biggers, in a southerly direction on Highway 29 in Mecklenburg County. Plaintiff Floyd Faggart was a passenger in the Biggers vehicle. At the point of the accident here involved, Highway 29 is a four-lane highway, with two lanes going south and two lanes going north. On the west side of the highway, some two-tenths of a mile south of the Cabarrus County line, is a drive-in restaurant. Across from the drive-in restaurant, in the traffic divider between the two lanes headed south and the two lanes headed north, is a crossover. At about 6:50 p.m., the vehicle operated by Shoaf entered the highway from the premises of the drive-in restaurant, crossed the two southbound lanes into the crossover area, and prepared to turn in a northerly direction on Highway 29. Plaintiff alleged that Shoaf was negligent in entering the highway from a private drive without yielding the right-of-way and in driving into the path of the approaching Biggers vehicle. The two vehicles did not collide, but the Biggers vehicle, driven by Biggers, Jr., veered to the right, overturned, and went down an embankment, causing injuries to both Floyd Faggart and Biggers, Jr., and resulting in damage to the Volkswagen automobile. Plaintiff Faggart alleged that his injuries were a result of the joint and concurring negligence of Biggers, Jr., and Shoaf, and that Biggers was responsible for any injuries caused by Biggers, Jr., by virtue of the family purpose doctrine. The minor plaintiff instituted this action, No. 70CVS775, in the Superior Court for Cabarrus County on 23 November 1970 against Biggers and Shoaf. Simultaneously, the minor plaintiff's father, J. B. Faggart, filed a separate action, No. 70CVS776, in Cabarrus County, arising out of the same automobile accident, against Biggers and Shoaf, to recover damages for loss of earnings and medical expenses incurred for his son. Answers to the complaints in both cases were duly filed.

On 27 January 1971, Biggers, Jr., filed a separate action, No. 71CVS119, in Superior Court in Cabarrus County against Shoaf to recover for personal injuries arising out of the automobile accident, alleging therein that Shoaf's negligence was the sole cause of the accident. On 16 November 1971 Biggers was joined in No. 71CVS119 as an additional party plaintiff and filed a complaint against Shoaf to recover damages for medical expenses he incurred on behalf of Biggers, Jr., loss

of wages resulting from time spent while caring for his son, loss of services of his son, travel expenses, and property damage to his Volkswagen. Answers to the complaints in No. 71CVS119 were duly filed.

On 31 January 1972, in action No. 70CVS775, Shoaf filed a cross claim against Biggers for contribution in the event Shoaf should be found to be negligent, and on 7 February 1972, pursuant to an order entered on Shoaf's motion, Biggers, Jr., was joined as a third party defendant in Case No. 70CVS775. In his third party complaint against Biggers, Jr., which was served 8 February 1972, Shoaf alleged that if he should be found to have been negligent in the accident of 24 May 1969, then he was entitled to contribution from Biggers, Jr.

On 10 February 1972, Biggers filed a pleading, entitled a Reply, in response to Shoaf's cross claim, denying the material allegations of the cross claim and denying Shoaf's right to contribution. On 8 March 1972, Biggers, Jr., filed an answer to Shoaf's third party complaint, denying the material allegations thereof and denying Shoaf's right to contribution for that Shoaf's negligence was the sole proximate cause of the accident.

Thereafter, at the 6 March 1972 session of Superior Court in Cabarrus County, action No. 71CVS119 came on for trial, but ended in a mistrial. Case No. 71CVS119 was again calendared for trial at the 29 January 1973 session of Superior Court in Cabarrus County, but was continued.

On 8 February 1973 Biggers and Biggers, Jr., filed a motion in the present action, Case No. 70CVS775, to be allowed to amend their answers to set forth counterclaims against the defendant Shoaf. In this motion, the movants stated that their motion was made "under the provisions of Rules 13, 14 and 15 of the North Carolina Rules of Civil Procedure," and that "the ends of justice require that the third-party defendant John Thomas Biggers, Jr., and the defendant John Thomas Biggers, Sr., be permitted to establish their counterclaim and cross action against the defendant Harry Shoaf. . . . " The proposed counterclaims set forth claims which are substantially the same as those which were previously set forth in the complaints filed in Case No. 71CVS119, i.e., claims for recovery of damages by Biggers, Jr., for personal injuries, and recovery of damages by Biggers, Sr., for medical expenses and loss of earnings, and for property damage to the Volkswagen, loss of wages while caring for his son, and travel expenses.

The motion to amend came on for hearing at 10:00 a.m. on 26 February 1973 before Judge Armstrong. During the argument, the attorney for the movants advised Judge Armstrong that they intended voluntarily to dismiss their pending action, Case No. 71CVS119, and prior to the signing of the order denying the motion, Case No. 71CVS119 was voluntarily dismissed and Judge Armstrong was so notified.

Notwithstanding the voluntary dismissal of Case No. 71CVS119, Judge Armstrong entered an order finding the facts to be substantially as hereinabove set forth and concluding that:

> "And it appearing to the Court that the granting of the present Motion would result in a consolidation of a case in which one of the drivers is plaintiff with a case in which a passenger is plaintiff and that this would be cumbersome and undesirable from the standpoint of judicial economy and administration in the trial of these cases;

> "IT IS THEREFORE, IN THE COURT'S DISCRETION, ORDERED that the Motion of defendant John Thomas Biggers, Sr., and third-party defendant John Thomas Biggers, Jr., to amend Answer and set up Cross-claim and Counterclaim in Case No. 70-CVS-775 against the defendant Harry Shoaf be, and it is hereby DENIED."

The defendant Biggers and the third party defendant Biggers, Jr., appealed to the Court of Appeals, assigning error.

*Hartsell, Hartsell & Mills by W. Erwin Spainhour for defendant appellant John Thomas Biggers and third party defendant appellant John Thomas Biggers, Jr.*

*Kluttz & Hamlin by Lewis P. Hamlin, Jr., and Richard R. Reamer for defendant appellee Harry Shoaf.*

PARKER, Judge.

G.S. 1A-1, Rule 13 (f), provides that:

> "(f) *Omitted counterclaim.*—When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

In their motion to amend and in their brief before this Court, appellants contend that justice requires that they be

allowed to amend their pleadings. They contend that their counterclaims appear to be compulsory, and from this argue that the denial of their motion will be severely prejudicial, and, implicitly, that the refusal by the trial judge to grant the motion amounted to an abuse of discretion, reviewable on appeal.

Under G.S. 1A-1, Rule 13(a), a counterclaim is compulsory only when (1) it is in existence at the time of serving the pleading against the opposing party, (2) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, and (3) does not require the presence of third parties of whom the court cannot acquire jurisdiction. However, a counterclaim is not compulsory, even if it meets the three tests stated above, if "at the time the action was commenced the claim was the subject of another pending action. . . . " G.S. 1A-1, Rule 13(a)(1).

[1]  We are of the opinion that the term "at the time the *action* was commenced" as used in Rule 13(a)(1) refers to the action against which the pleader is required to counterclaim, and not necessarily the primary action originally commencing the lawsuit. Thus, where, as here, the defendant institutes a cross claim and a third party action, the court should look to the times of filing such cross claim and third party action to determine whether, at those times, there was pending an action whose claim involved the same subject matter as that of the proposed counterclaims.

[2]  By the stipulated facts and filing dates of the pleadings appearing in the record, it appears that on 31 January 1972, the date defendant Shoaf in this Case No. 70CVS775 filed his cross claim against the appellant Biggers, and on 8 February 1972, the date defendant Shoaf commenced his third party action against appellant Biggers, Jr., there was pending in the Superior Court in Cabarrus County Case No. 71CVS119, an action involving the same claims as set forth in the proposed counterclaims of the appellants. Therefore, the proposed counterclaims were in this case permissive and not compulsory.

Further, we agree with Judge Armstrong's conclusion that the allowance of appellants' motion to amend their responsive pleadings would result in this case in a consolidation of actions which "would be cumbersome and undesirable from the standpoint of judicial economy and administration in the trial of these cases."

The appellants have failed to show any abuse of discretion in the denial of their motion to amend their responsive pleadings, and the order denying their motion is

Affirmed.

Judges BRITT and MORRIS concur.