MARY JACKIE WISDOM JOYNER v. NATIONWIDE INSURANCE

No 797DC1054

(Filed 20 May 1980)

**Insurance § 43.1— group health insurance—coverage in month following termination of employment**

Where a group health insurance policy provided coverage for the employees of a corporation "to the last day of the policy month coinciding with or next following . . . termination" of employment, one reasonable interpretation of the policy was that it provided coverage extending through the last day of the month succeeding the month in which employment terminated when the termination of employment did not coincide with the last day of the month, and an employee whose employment was terminated on 27 March was covered by the policy for surgery performed on 22 April.

APPEAL by defendant from *Matthews, Judge.* Judgment entered 28 September 1979 in District Court, NASH County. Heard in the Court of Appeals on 24 April 1980.

Plaintiff seeks to recover benefits under a group health insurance plan for medical expenses she incurred as the result of a hysterectomy during the period from 22 April 1976 through 3 May 1976. Defendant does not contest that the policy was issued to cover the employees of Cauley Enterprises, Inc. as of 1 February 1976, nor does it contend that the policy does not cover the type of medical expense for which plaintiff seeks recovery. Rather, in its answer to plaintiff's complaint, defendant denied liability on the grounds that the plaintiff was no longer an employee of Cauley Enterprises, Inc. at the time she incurred the hospital and surgical expenses because she terminated her employment on 27 March 1976, and coverage under the terms of the policy ceased when she "was no longer an employee of Cauley Enterprises, Inc."

Thereafter, defendant filed a request for admissions which established that plaintiff terminated her employment with Cauley on 27 March 1976 and was not employed by Cauley on 22 April 1976. At a hearing before the judge sitting without a jury, plaintiff testified that she had requested a leave of absence on 27 March, but that when she returned to work after her operation, her job "had been filled." She introduced into evidence her paycheck from Cauley dated 27 March 1976 which showed that $40.61 had been deducted for the April insurance premium.

Summary judgment on the issue of coverage was entered for plaintiff on 1 November 1978. Defendant's appeal from the entry of that judgment was dismissed by this Court as a premature appeal since the issue of damages remained to be determined. The parties subsequently stipulated "that should the question of coverage . . . be finally determined . . . in favor of plaintiff, plaintiff shall be entitled to recover of defendant . . . $1864.83. . . ." From a judgment entered 28 September 1979 that plaintiff recover that sum, defendant appealed.

*Ezzell, Henson & Fuerst, by Thomas W. Henson, for the plaintiff appellee.*

*Battle, Winslow, Scott & Wiley, by Marshall A. Gallop, Jr., for the defendant appellant.*

HEDRICK, Judge.

The resolution of the issue presented by this appeal requires our construction of the following provision of the insurance policy:

> A Certificateholder's coverage under any benefit provision of the Policy terminates upon the first occurrence of the following:
>
> . . .
>
> (4) To the last day of the policy month coinciding with or next following his termination of membership in the classes eligible for coverage under that benefit provision. . . .

"Policy month" is defined as "a period of successive days commencing on the first day of each calendar month and ending on the day immediately preceding the corresponding day of the next following calendar month." That is, a "policy month" is the equivalent of a calendar month. Our task is to decide whether the language "[t]o the last day of the policy month coinciding with or next following" termination admits of only one interpretation, as defendant argues, or whether the language is ambiguous and thus reasonably susceptible of more than one construction. "[I]f the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; . . ." *Woods v. Nationwide Mutual Insurance Co.*, 295 N.C. 500, 506, 246 S.E. 2d 773, 777 (1978). On the other hand, if its import is uncer-

tain or equivocal, that is, if the meaning of words or the effect of provisions is capable of several reasonable interpretations, the doubts will be resolved strictly against the insurer and liberally in favor of the insured so as to permit recovery where possible. *Grant v. Emmco Insurance Co.*, 295 N.C. 39, 243 S.E. 2d 894 (1978). Moreover, in deciding whether the language is plain or ambiguous, the test is what a reasonable person in the position of the insured would have understood it to mean, and not what the insurer intended. *See generally* 7 Strong's N.C. Index 3d, *Insurance* §§ 6-6.3 (1977); 43 Am. Jur. 2d *Insurance* §§ 257-271 (1969). The rationale underlying the principle favoring the insured in situations of uncertainty is obvious: The company writes the policy and chooses the language. "[I]n accord with the presumed intention of the parties, the construction should be such as not to defeat, without a plain necessity, the insured's claim to the indemnity which it was his object to secure and for which he paid a premium." 43 Am. Jur. 2d, *supra* § 272 at 332; *accord, Grant v. Emmco Insurance Co., supra.*

Defendant in the case at bar argues that the language "the last day of the policy month coinciding with or next following . . . termination"—although concededly not a "model of draftsmanship"—is capable of only one reasonable interpretation, namely, that coverage extends to the last day of the month "during which the termination occurred." Thus, defendant contends, coverage ceased in this case on 31 March 1976, the last day of the month in which plaintiff terminated her employment at Cauley Enterprises.

We agree that this is one way to interpret the provision. We disagree that it is the only reasonable construction, nor do we think it the most reasonable signification to give the provision. The language, at best, is ambiguous. Rational persons could justifiably conclude, for example, that "the last day of the policy month *coinciding with*" termination means that the cessation of coverage and the termination of employment must occur simultaneously on the last day of the month. On the other hand, and contrary to defendant's contentions, rational persons could just as logically comprehend "the last day of the policy month . . . *next following*" termination to mean that coverage extends through the last day of the month *succeeding* the month in which employment terminates. Since the plaintiff in this case ended her employment with Cauley Enterprises on 27 March, a date which

does not coincide with the last day of the month, she rightly considered the meaning of the words "next following." We think she reasonably interpreted the language to provide coverage throughout April.

Had the defendant truly intended the language to mean only what it now contends, the policy could have been simply and precisely written to say that coverage ceases on the last day of the month in which employment terminates. That language admits of only one construction.

However, since we find the actual language in the provision at issue reasonably susceptible of several interpretations, we resolve the ambiguity in plaintiff's favor and hold that she was covered under the policy for medical expenses she incurred beginning on 22 April 1976. Moreover, although the factor is not necessarily decisive, we point out that plaintiff paid the April premium.

The judgment appealed from is affirmed.

Affirmed.

Judges ARNOLD and ERWIN concur.