SOUTHEAST AIRMOTIVE CORPORATION v. UNITED STATES FIRE IN-
SURANCE COMPANY

No. 8526SC544

(Filed 17 December 1985)

**Insurance § 147.1— aircraft liability policy—ambiguity—construction against in-
surer**

　　Provisions of an aircraft liability policy created an ambiguity as to
whether coverage was provided for a bank's claim against the insured for
damage to negotiable instruments in a crash of the insured's airplane, and the
ambiguity must be construed against the insurer which drafted the policy.

APPEAL by defendant from *Snepp, Judge*. Judgment entered
14 March 1985 in Superior Court, MECKLENBURG County. Heard
in the Court of Appeals 9 December 1985.

This is a civil action wherein plaintiff sought a declaratory
judgment pursuant to G.S. 1-253 to determine whether it was en-
titled to coverage under the provisions of an aircraft liability
policy purchased from defendants for claims being made against it
arising out of the crash of an aircraft owned by plaintiff.

Uncontroverted evidence in the record establishes that on 15
November 1983, a twin-engined aircraft owned and operated by
plaintiff crashed while transporting negotiable instruments owned
by Wachovia National Bank from Winston-Salem, North Carolina
to Charlotte, North Carolina. The negotiable instruments were
damaged. At the time of the crash, plaintiff was covered by a
policy of insurance issued by defendant. Under the terms of the
policy, the insurer agreed:

> To pay on behalf of the Insured all sums which the Insured
> shall become legally obligated to pay . . . for damages be-
> cause of injury to or destruction of property, including the
> loss of use thereof, caused by an occurrence and arising out
> of the ownership, maintenance or use of the aircraft.

The insurer also agreed to defend any suit against the insured
seeking damages for such injury or destruction. The exclusions
which applied to the policy were contained in a CAB standard en-
dorsement attached to the policy and provided, in pertinent part:

EXCLUSIONS. Unless otherwise provided in the Policy of insurance, the liability insurance afforded under this Policy shall not apply to:

(e) Loss of or damage to property owned, rented, occupied or used by, or in the care, custody or control of the Named Insured, or carried in or on any aircraft with respect to which the insurance afforded by this Policy applies . . . .

Upon learning that Wachovia intended to make a claim under the policy for losses resulting from the damage to the negotiable instruments, defendant's claim control center notified plaintiff that the policy would not provide coverage for these losses.

Plaintiff filed a complaint wherein it alleged that it had been informed that a lawsuit brought by Wachovia and Wachovia's insurance company seeking damages for losses incurred in the crash was imminent and that the insurance policy provided coverage for these losses and required defendant to defend any resulting lawsuit. In its answer, defendant denied that the policy covered any damage to the negotiable instruments and alleged that therefore it was not required to defend any suit by Wachovia.

Both plaintiff and defendant made motions for summary judgment. From an order granting plaintiff's motion for summary judgment, defendant appealed.

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and Debra L. Foster, for plaintiff, appellee.*

*Golding, Crews, Meekins, Gordon & Gray, by Rodney Dean and Ned A. Stiles, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant's only assignments of error concern the trial court's granting summary judgment for plaintiff, rather than for defendant. Defendant contends that the exclusionary language in the insurance policy purchased by plaintiff clearly excludes the negotiable instruments damaged in the crash from coverage and therefore that defendant, rather than plaintiff, is entitled to judgment as a matter of law. We disagree.

When language used in an insurance policy is ambiguous and is reasonably susceptible of differing constructions, it must be given the construction most favorable to the insured, since the insurance company prepared the policy and chose the language. *Grant v. Insurance Co.*, 295 N.C. 39, 243 S.E. 2d 894 (1978). The test in deciding whether the language is plain or ambiguous is what a reasonable person in the position of the insured would have understood it to mean, and not what the insurer intended. *Joyner v. Insurance*, 46 N.C. App. 807, 266 S.E. 2d 30, *disc. rev. denied*, 301 N.C. 91 (1980).

Exclusions from liability are not favored, and are to be strictly construed against the insurer. *Holcomb v. Insurance Co.*, 52 N.C. App. 474, 279 S.E. 2d 50 (1981); *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970). When the coverage provisions of a policy include a particular activity, but that activity is later excluded, the policy is ambiguous, and the apparent conflict between coverage and exclusion must be resolved in favor of the insured. *Holcomb*, 52 N.C. App. 474.

In the present case, the damage to the negotiable instruments appears to be covered by the policy under Coverage D as "damages because of injury to or destruction of property." Defendant argues, however, that the damaged property is excepted from coverage by exclusion (e), as "[l]oss of or damage to property . . . in the care, custody or control of the Named Insured, or carried in or on any aircraft with respect to which the insurance afforded by this Policy applies . . . ." Since exclusion (e) is prefaced by the phrase "[u]nless otherwise provided by the Policy of insurance," these provisions create an ambiguity between coverage and exclusion under the policy which must be resolved in favor of the insured. A reasonable person in the position of plaintiff, as a purchaser of insurance for an aircraft to be used to transport cargo, would have understood Coverage D to be such a provision otherwise. We hold, therefore, that the trial court was correct in concluding that the policy issued by defendant provides plaintiff with liability coverage for claims asserted by Wachovia for damage to its negotiable instruments carried in plaintiff's aircraft at the time of the crash.

Affirmed.

Judges JOHNSON and PHILLIPS concur.