U.S. FIRE INS. CO. v. SOUTHEAST AIRMOTIVE CORP.

[102 N.C. App. 470 (1991)]

UNITED STATES FIRE INSURANCE COMPANY, PLAINTIFF v. SOUTHEAST AIRMOTIVE CORPORATION, DEFENDANT

No. 9026SC762

(Filed 2 April 1991)

**Rules of Civil Procedure § 13 (NCI3d)— insurance coverage determined in earlier action—reimbursement issue—no compulsory counterclaim**

Plaintiff insurer's claim against the insured for reimbursement of expenses incurred by it in defending a third party's claim arising from a plane crash was not barred by a previous action to determine whether its policy provided coverage, since the claim for reimbursement did not exist at the time of the serving of the complaint in the previous action and therefore could not have been a compulsory counterclaim.

**Am Jur 2d, Counterclaim, Recoupment, and Setoff § 13.**

APPEAL by plaintiff from an order allowing the defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure entered by *Judge Chase B. Saunders* on 25 May 1990. Heard in the Court of Appeals 11 February 1991.

*Rodney A. Dean, by Rodney Dean and Michael G. Gibson, for plaintiff-appellant.*

*Parker, Poe, Adams & Bernstein, by Gaston H. Gage and Keith M. Weddington, for defendant-appellee.*

LEWIS, Judge.

On 15 November 1983 a twin engine airplane owned and operated by the defendant Southeast Airmotive Corporation (Southeast) crashed en route from Smith Reynolds Airport in Winston-Salem to Douglas International Airport in Charlotte. At the time of the crash the defendant was insured under a policy by the plaintiff. The plaintiff United States Fire Insurance Company (U.S.F.I.) was required by law pursuant to 14 CFR 298.41 to include the CAB standard endorsement as a part of the policy of insurance. As a result of the plane crash the defendant made a formal demand upon the plaintiff for a defense of a lawsuit brought by a third party against the defendant for damages resulting from the crash. The plaintiff denied coverage under the existing policy since the

standard endorsement excluded coverage for property carried in the aircraft or in the custody of the insured.

On 1 May 1984 Southeast filed a declaratory judgment against U.S.F.I. as a result of denial of coverage. An order was issued in Mecklenburg County Superior Court granting summary judgment for Southeast and finding that the policy of insurance provided liability coverage for the claims asserted by the third party. U.S.F.I. appealed to this Court and on 17 December 1985 this Court issued an order affirming the judgment of the trial court. *Southeast Airmotive Corporation v. United States Fire Insurance Company*, 78 N.C. App. 418, 337 S.E.2d 167 (1985). The opinion held that U.S.F.I. had coverage under its policy based on the finding that the phrase "Unless otherwise provided by the policy of insurance" in paragraph 5 of the CAB standard endorsement created an ambiguity between coverage and exclusion which was required to be resolved in favor of the insured.

U.S.F.I. subsequently defended the lawsuit brought by the third party, incurring expenses in the amount of $80,499.48. U.S.F.I. demanded reimbursement for the costs of defense from Southeast because their liability for defense had resulted from an ambiguity created by the CAB endorsement, and the CAB endorsement provides that:

> The named insured will promptly reimburse the insurer for payments made by the insurer which the insurer would not have been obligated to make except for the provisions of this endorsement.

Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted, alleging that the subject of the plaintiff's complaint was previously joined as an issue in the prior action, and that the subject of the complaint is in the nature of a compulsory counterclaim which should have been brought in the prior action and is now barred. This motion was granted. Plaintiff appeals.

A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein give the defendant sufficient notice of the nature and basis of plaintiff's claim. *Cassels v. Ford Motor Company*, 10 N.C. App. 51, 55, 178 S.E.2d 12, 15 (1970). Plaintiff argues that

the subject of the present complaint was not joined in the previous action and is not in the nature of a compulsory counterclaim.

A counterclaim is compulsory when it is in existence at the time of the serving of the pleading, when it arises out of the same transaction or occurrence, and when it does not require the presence of third parties over whom the Court cannot acquire jurisdiction. N.C.G.S. § 1A-1, Rule 13(a)(1). *Faggart v. Biggers*, 18 N.C. App. 366, 370, 197 S.E.2d 75, 78 (1973).

The CAB endorsement operates to provide a minimum level of coverage for all air carrier insurance contracts. When the endorsement extends coverage of a base policy, it clearly provides for subsequent reimbursement to be made from the insured to the insurer. The CAB endorsement itself contemplates a distinction between coverage and reimbursement. Whereas coverage for loss predicated on the base policy need not be reimbursed, coverage which would not have been provided but for the CAB endorsement is to be reimbursed. The apparent objective of the distinction is to guarantee compensation for damages suffered by third parties without allowing the insured to benefit from coverage for which it has not contracted.

The previous declaratory judgment action raised the issue of coverage. This Court decided that coverage arose from an ambiguity between the language in the endorsement and the language in the base policy. Had this Court decided that the loss was not covered, or that coverage was predicated on the base policy alone, the issue of reimbursement would never have arisen. The reimbursement clause is triggered only after coverage results from the presence of the CAB endorsement. Therefore, a claim for reimbursement is not a claim which existed at the time of the serving of the complaint in the previous action. As such it is not in the nature of a compulsory counterclaim. *Faggart v. Biggers*, 18 N.C. App. 366, 370, 197 S.E.2d 75, 78 (1973).

Furthermore, this action for reimbursement was not joined in the previous action concerning coverage, and it is not barred by estoppel. Collateral estoppel is applicable only (1) where the issues to be precluded are the same as those involved in the prior action, (2) where those actions were actually raised and litigated, (3) where the issues must have been relevant to the disposition of the prior action, and (4) where the determination of those issues must have been necessary to the resulting judgment. *King v.*

*Grindstaff*, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973). Insofar as the issue of reimbursement is distinct from the issue of coverage, the issue of reimbursement was neither raised nor disposed of in the prior action. *Id.*

We conclude that the complaint does raise a claim upon which relief can be granted and is not barred by any previous action. The trial court's order granting the defendant's motion is

Reversed.

Chief Judge HEDRICK and Judge COZORT concur.