EDWARDS v. EDWARDS

[118 N.C. App. 464 (1995)]

───────────────

PHILLIP KENNETH EDWARDS, Plaintiff v. LORETTA S. EDWARDS, Defendant

No. 9322DC1139

(Filed 18 April 1995)

1. **Judgments § 208 (NCI4th)— res judicata—collateral estoppel—distinguished**

     While *res judicata* precludes a subsequent action based on the same claim, collateral estoppel bars subsequent determination of the same issue, even though the action may be premised upon a different claim.

     **Am Jur 2d, Judgments §§ 514-639.**

2. **Judgments § 274 (NCI4th)— collateral estoppel—identity of issues—claim not barred**

     Plaintiff's indemnification claim was not barred by the principle of collateral estoppel where plaintiff and defendant executed a separation agreement which provided that the defaulting party would indemnify the other for expenses, including attorney fees, involved in collecting financial obligations or enforcing rights; plaintiff filed suit seeking specific enforcement of the provision requiring that the homeplace be listed for sale; defendant was ordered to list the homeplace in a judgment signed on 20 April; and plaintiff filed a motion on 7 July seeking reimbursement under the indemnity clause for the attorney fees incurred in prosecuting the suit for specific performance. Plaintiff's indemnification claim is totally dissimilar to any issue previously presented; the earlier trial determined only the validity of the separation agreement and plaintiff's entitlement to specific performance.

     **Am Jur 2d, Judgments §§ 415 et seq.**

3. **Judgments § 298 (NCI4th)— enforcement of separation agreement—separate action for attorney fees—res judicata**

Plaintiff's claim was not barred by *res judicata* where plaintiff and defendant executed a separation agreement which provided that the defaulting party would indemnify the other for expenses, including attorney fees, involved in collecting financial obligations or enforcing rights; plaintiff filed suit seeking specific enforcement of the provision requiring that the homeplace be listed for sale; defendant was ordered to list the homeplace in a judgment signed on 20 April; and plaintiff filed a motion on 7 July seeking reimbursement under the indemnity clause for the attorney fees incurred in prosecuting the suit for specific performance. Although plaintiff contends that there was no indemnity claim to pursue until the court ruled that defendant had breached the agreement, under our Rules of Civil Procedure presentation of an indemnity claim prior to accrual is no longer precluded and joinder rules would have allowed plaintiff to pursue attorneys fees under the indemnity clause in the earlier action notwithstanding absence of accrual. However, *res judicata* should be applied as fairness and justice require, permissive joinder here is simply a relaxation of the traditional indemnity rule, and joinder of a non-accrued indemnification claim was not mandatory. Moreover, there is a substantive distinction between plaintiff's specific performance action and his later motion for a monetary award of counsel fees; our courts have consistently rejected efforts to disallow awards of counsel fees under statutory entitlements not pursued in the earlier principal action; and plaintiff in his complaint prayed the trial court to grant such other relief as is just and proper, with a copy of the separation agreement containing the indemnity clause being attached to the complaint. Given that broad language, plaintiff asserted a claim for indemnification in the earlier action and later merely particularized that claim. Finally, defendant had full notice that recoupment was available to plaintiff and neither fairness nor justice are offended by failing to rule that plaintiff's claim ought to have been pled with particularity in the specific performance complaint.

**Am Jur 2d, Divorce and Separation §§ 749-818.**

Appeal by defendant from order filed 17 August 1993 by Judge George T. Fuller in Davidson County District Court. Heard in the Court of Appeals 9 June 1994.

EDWARDS v. EDWARDS

[118 N.C. App. 464 (1995)]

*Wyatt, Early, Harris, Wheeler & Hauser, L.L.P., by A. Doyle Early, Jr., for plaintiff-appellee.*

*C. Richard Tate, Jr. for defendant-appellant.*

JOHN, Judge.

Defendant appeals the trial court's order granting plaintiff's motion for attorneys' fees. She contends the award is barred by entry of the court's earlier judgment dated 20 April 1993. We disagree.

Relevant background information is as follows: Plaintiff and defendant were married 4 September 1965 and separated 26 September 1991. On or about the latter date, they executed a separation agreement (the Agreement) which provided defendant would list the parties' homeplace for sale and that the proceeds would be divided equally between the two. The Agreement further provided:

17. INDEMNITY

If either party for any reason fails to perform his or her financial or other obligations to the other party hereunder, and as a result thereof, the party incurs any expense, including reasonable attorney's fees, to collect the same or otherwise enforce his or her rights with respect thereof, the defaulting party shall indemnify and hold him or her harmless from any such expense.

On 21 May 1992, plaintiff filed suit seeking specific performance of the Agreement, alleging defendant had refused to list the property for sale. Defendant answered and counterclaimed. She admitted failing to list the property, but denied this constituted a breach of the Agreement. Additionally, she prayed the Agreement be declared null and void.

At trial, Judge James M. Honeycutt ruled the Agreement was valid and that it had been breached by defendant. In a judgment signed 20 April 1993, he ordered defendant "to list the homeplace for sale as soon as practical and to divide the net proceeds equally."

On 7 July 1993, plaintiff filed a motion seeking reimbursement from defendant under the indemnity clause of the Agreement for attorneys' fees incurred in prosecuting his suit for specific performance. Defendant moved to dismiss plaintiff's motion. Upon hearing, the Honorable George T. Fuller denied defendant's motion and granted plaintiff's request for attorneys' fees. Defendant appeals.

**EDWARDS v. EDWARDS**

[118 N.C. App. 464 (1995)]

The sole issue raised herein is whether the 20 April 1993 judgment operates as a bar to the subsequent award of counsel fees to plaintiff. Defendant argues that under the principles of *res judicata* and collateral estoppel plaintiff was required to bring his claim for attorneys' fees in the action for specific performance. His failure to do so, she continues, precludes his later motion and the trial court erred in allowing it. We conclude the trial court did not commit error.

Plaintiff's 7 July 1993 motion was brought under Paragraph 17 of the Agreement entitled "Indemnity." "Ordinarily, the engagement in an indemnity contract is to make good and save the indemnitee harmless from loss or some obligation which he has incurred to a *third* party . . . ." 17 Strong's N.C. Index 4th *Indemnity* § 4, at 405-06 (1992) (emphasis added). Thus, indemnity generally "connotes liability for derivative fault." *Dixie Container Corp. v. Dale*, 273 N.C. 624, 628, 160 S.E.2d 708, 711 (1968) (citing *Edwards v. Hamill*, 262 N.C. 528, 531, 138 S.E.2d 151, 153 (1964)). Nonetheless, this Court has specifically approved a provision establishing indemnification for attorneys' fees between the parties to a separation agreement. *Edwards v. Edwards*, 102 N.C. App. 706, 713, 403 S.E.2d 530, 533-34, *disc. review denied*, 329 N.C. 787, 408 S.E.2d 518 (1991). In this context, we note defendant's focus herein is upon the timing of plaintiff's resort to the indemnity clause, and that she makes no argument contesting the validity thereof. *See Bromhal v. Stott*, 116 N.C. App. 250, 254-56, 447 S.E.2d 481, 484-85 (1994), *disc. review denied*, 339 N.C. 609, 454 S.E.2d 246 (1995) (Greene, J. dissenting in part) (dissent asserts attorneys' fees provision in separation agreement is invalid).

**[1]** In challenging the award of counsel fees to plaintiff, defendant relies upon the companion doctrines of *res judicata*, also referred to as "claim preclusion," and collateral estoppel, or "issue preclusion." *Hales v. N.C. Insurance Guaranty Assn.*, 337 N.C. 329, 333, 445 S.E.2d 590, 594 (1994). Both doctrines involve a form of estoppel by final judgment. The distinction between the two has been stated as follows:

> [A] judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose . . . .

But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

*Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 427, 349 S.E.2d 552, 556 (1986) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352-53, 24 L. Ed. 195, 197-98 (1877)). Thus, while in the first circumstance *res judicata* precludes a subsequent action based on the same claim, collateral estoppel in the latter instance bars subsequent determination of the same issue, even though the action may be premised upon a different claim. *Hales*, 337 N.C. at 333, 445 S.E.2d at 594.

[2] We first discuss the issue of collateral estoppel. In *U.S. Fire Ins. Co. v. Southeast Airmotive Corp.*, 102 N.C. App. 470, 402 S.E.2d 466, *disc. review denied*, 329 N.C. 505, 407 S.E.2d 553 (1991), this Court noted that

[c]ollateral estoppel is applicable only (1) where the issues to be precluded are the same as those involved in the prior action, (2) where those actions were actually raised and litigated, (3) where the issues must have been relevant to the disposition of the prior action, and (4) where the determination of those issues must have been necessary to the resulting judgment.

*Id.* at 472, 402 S.E.2d at 468 (citation omitted). We therefore held that "[i]nsofar as the issue of reimbursement [to an insurer of costs for defense] is distinct from the issue of coverage, the issue of reimbursement was neither raised nor disposed of in the prior action," *Id.* at 473, 402 S.E.2d at 468, and thus plaintiff's later claim seeking repayment of defense costs was not barred by application of collateral estoppel.

Further, in *Beckwith v. Llewellyn*, 326 N.C. 569, 391 S.E.2d 189, *reh'g denied*, 327 N.C. 146, 394 S.E.2d 168 (1990), settlement of a wrongful death claim including payment of attorneys' fees was approved by court order. Plaintiff thereafter instituted suit against her original attorneys seeking damages based upon allegations including breach of fiduciary duty and malpractice. The trial court granted summary judgment in favor of defendants on the basis of collateral estoppel. Our Supreme Court reversed, reasoning as follows:

A very close examination of matters actually litigated must be made in order to determine if the underlying issues are in fact identical. If they are not identical, then the doctrine of collateral estoppel does not apply.

. . .

In the present case, plaintiff attempts to show that her former attorneys took advantage of the attorney-client relationship to her detriment; her former attorneys are now her adversaries. In the prior case, she and her attorneys, as client and fiduciaries, attempted to show that they had reached a reasonable settlement with the original defendants . . . The issues are not identical.

. . .

Thus, the "issues to be concluded," are not the same as those involved in the prior action and the "issues in question" are not identical to the "issues . . . actually litigated," in the prior action.

*Id.* at 574-75, 391 S.E.2d at 191-92 (citation omitted).

In the case *sub judice,* as in the cases cited hereinabove, plaintiff's indemnification claim is totally dissimilar to any issue previously presented. In the earlier trial, the court determined only the validity of the Agreement and plaintiff's entitlement to specific performance. Plaintiff has not endeavored to relitigate these matters, but rather the separate and distinct issue of recoupment of attorneys' fees under the indemnity clause of the Agreement. As that issue was not litigated in the prior action, we conclude plaintiff's indemnification claim is not barred by the principle of collateral estoppel.

[3] Defendant's assertion of the application of *res judicata* requires a more extensive analysis. Under this doctrine, a final judgment on the merits in a prior action by a court of competent jurisdiction operates as "an absolute bar to a subsequent action involving the same claim, demand, and cause of action" between "the parties and their privies." *Gaither Corp. v. Skinner,* 241 N.C. 532, 535, 85 S.E.2d 909, 911 (1955).

More specifically, defendant relies on the principle of merger, "a collateral aspect of *res judicata* which determines the scope of claims precluded from relitigation by an existing judgment." *Behr v. Behr,* 46 N.C. App. 694, 698, 266 S.E.2d 393, 395-96 (1980) (citations omitted). When a plaintiff recovers a valid and final judgment, his or her original claim is extinguished and the rights granted pursuant to

the judgment are substituted for it, and plaintiff's original claim is thus said to have "merged" with the judgment. Restatement (Second) of Judgments § 18, Comment a (1982).

Merger requires all damages resulting from a single wrong or cause of action to be recovered in one suit. *Bockweg v. Anderson*, 333 N.C. 486, 492, 428 S.E.2d 157, 161 (1993) (citing *Smith v. Pate*, 246 N.C. 63, 67, 97 S.E.2d 457, 460 (1957)). Stated otherwise, "a party suing for the breach of an indivisible contract must sue for all of the benefits which have accrued at the time of suit or be precluded from maintaining a subsequent action for installments omitted." *Behr*, 46 N.C. App. at 698, 266 S.E.2d at 396 (citing Restatement of Judgments § 62, Comment h (1942)).

As a consequence of merger, defendant maintains, *res judicata* applies " 'not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties *exercising reasonable diligence*, might have brought forward at the time and determined respecting it.' " *Painter v. Board of Education*, 288 N.C. 165, 173, 217 S.E.2d 650, 655 (1975) (quoting *Gibbs v. Higgins*, 215 N.C. 201, 204-05, 1 S.E.2d 554, 557 (1939)).

Defendant is correct that as a result of the doctrine of merger, "all matters, either fact or law, that were or should have been adjudicated in the prior action are deemed concluded." *Thomas M. McInnis & Assoc., Inc.*, 318 N.C. at 428, 349 S.E.2d at 556 (citations omitted). It is uncontroverted that plaintiff's claim for indemnification was not adjudicated in his specific performance lawsuit. The question remains whether the claim was one which "should have been adjudicated" therein.

Plaintiff justifies seeking indemnity by separate motion subsequent to the 20 April 1993 judgment on the basis that an indemnity action traditionally may not be "instituted at law" until damages actually have been suffered. 17 Strong's Index 4th *Indemnity* § 23, at 420 (1992). Consequently, he argues, there existed "no claim or right to pursue any claim against the defendant pursuant to the contract of indemnity provision" until the court ruled defendant had breached the Agreement and until plaintiff had incurred counsel fees and expenses. "[T]hen the plaintiff/indemnitee's claim vest[ed]," he concludes, "and could be properly brought, but not before."

While plaintiff accurately states traditional practice, since the enactment of our North Carolina Rules of Civil Procedure, 1967 N.C. Sess. Laws ch. 954, " 'a defendant, as a third-party plaintiff, may cause a summons and complaint to be served [upon a non-party] who is *or may be liable* to him for all or part of the plaintiff's claim against him,' " and the traditional rule no longer precludes presentation of an indemnity claim prior to accrual. *Heath v. Board of Commissioners*, 292 N.C. 369, 375-76, 233 S.E.2d 889, 893 (1977) (citing N.C.R. Civ. P. Rule 14 (a)).

Additionally, we note under our joinder rules, "[a] party asserting a claim for relief . . . may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party," N.C.R. Civ. P. Rule 18(a), and "[w]henever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action . . . ." N.C.R. Civ. P. Rule 18(b).

It thus appears plaintiff's claim for indemnification had not accrued at the time of filing his complaint for specific performance in that neither had breach of the Agreement been determined nor had he incurred counsel fees. Notwithstanding absence of accrual, our joinder rules would nonetheless have allowed plaintiff in the earlier action to pursue attorneys' fees under the indemnity clause. However, he did not do so. We therefore return to a consideration of whether plaintiff's failure to seek indemnification in the specific performance proceeding operates to bar his later petition for reimbursement of attorneys' fees.

The doctrine of *res judicata* has been the subject of much litigation, and its applicability is not without limitation. *Shelton v. Fairley*, 72 N.C. App. 1, 5, 323 S.E.2d 410, 414 (1984), *disc. review denied*, 313 N.C. 509, 329 S.E.2d 394 (1985). This Court has previously acknowledged commentators' "support for the rule that judgments relied upon as creating a bar or preclusion are to be construed with strictness." *Id.* (citation omitted). Therefore, *res judicata* should "be applied in particular situations as fairness and justice require," and not "so rigidly as to defeat the ends of justice or so as to work an injustice." 46 Am. Jur. 2d *Judgments* § 522, at 786-87 (1994). As our Supreme Court has observed:

The court requires parties to bring forward the whole case, and will not, *except under special circumstances*, permit the same parties to open the same subject of litigation in respect to matters

EDWARDS v. EDWARDS

[118 N.C. App. 464 (1995)]

which might have been brought forward as part of the subject in controversy . . . The plea of *res adjudicata* applies, *except in special cases*, not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it.

*In re Trucking Co.*, 285 N.C. 552, 560, 206 S.E.2d 172, 178 (1974) (citations omitted) (emphasis added).

Accordingly, we examine the case *sub judice* from the standpoint of "fairness" and "justice." Viewed in that light, we must determine whether plaintiff's pursuit of his indemnification motion subsequent to conclusion of his suit on the Agreement constitutes a "special circumstance" in which rigid application of the *res judicata* doctrine would be contrary to the principles of "justice." We hold the present instance is one in which *res judicata* is inapplicable.

First, while it is unquestioned our joinder rules would have allowed plaintiff to request counsel fee repayment in the specific performance suit, we view the policy of permissive joinder in this instance simply as a relaxation of the traditional rule that an indemnitee's right of action accrues only at the time loss has been incurred. Accordingly, we do not subscribe to the proposition that joinder of an non-accrued indemnification claim was mandatory. For example, in *U.S. Fire Ins. Co.*, 102 N.C. App. at 472, 402 S.E.2d at 468, we determined a proceeding for recoupment of defense costs was not required to have been brought as a compulsory counterclaim in a previous action to determine insurance coverage. We observed:

A counterclaim is compulsory when *it is in existence at the time of the serving of the pleading* [and] when it arises out of the same transaction or occurrence . . . .

*Id.* (emphasis added).

Moreover, our Supreme Court impliedly held in *Heath* that an indemnity claim may *either* be joined with a principal action *or* brought separately. The Court therein stated: "[w]hen [an indemnitee] brings a separate suit against the person whose action caused the loss," the rule that the loss must have accrued continues to prevail. *Heath*, 292 N.C. at 377, 233 S.E.2d at 893.

Next, we perceive a substantial distinction between plaintiff's specific performance action seeking to require defendant to list the parties' real property for sale and plaintiff's later motion for a monetary award in repayment of his counsel fees. " '[T]he res judicata doctrine precluding relitigation of the same cause of action has been held inapplicable where the performance of an act was sought in one action and a money judgment in the other.' " *Shelton,* 72 N.C. App. at 8, 323 S.E.2d at 416 (citations omitted).

Further, in dealing with claims for attorneys' fees brought pursuant to various statutory entitlements, our courts have consistently rejected efforts to disallow awards not pursued in the earlier principal action. *See, e.g., Black v. Insurance Co.,* 42 N.C. App. 50, 53, 255 S.E.2d 782, 784, *disc. review denied,* 298 N.C. 293, 259 S.E.2d 910 (1979) (N.C. Gen. Stat. § 6-21.1, providing for counsel fees upon "unwarranted refusal" to settle by insurance carrier, does not require an affirmative pleading for such an award as a separate claim in the complaint; rather, "plaintiff may properly move for an award of attorney's fees after a verdict has been returned in its favor"); *Upchurch v. Upchurch,* 34 N.C. App. 658, 664-65, 239 S.E.2d 701, 705 (1977), *disc. review denied,* 294 N.C. 363, 242 S.E.2d 634 (1978) and *Evans v. Evans,* 111 N.C. App. 792, 799, 434 S.E.2d 856, 861, *disc. review denied,* 335 N.C. 554, 439 S.E.2d 144 (1993) (N.C. Gen. Stat. § 50-16.4, allowing the award of counsel fees in alimony cases *"at any time"* dependent spouse is entitled to alimony *pendente lite,* "includes times subsequent to the determination of the issues in [the dependent spouse's] favor at the trial of [his or] her cause on its merits"); *In re Baby Boy Scearce,* 81 N.C. App. 662, 663, 345 S.E.2d 411, 413, *disc. review denied,* 318 N.C. 415, 349 S.E.2d 590 (1986) (under N.C. Gen. Stat. § 50-13.6, entitled "Counsel Fees in Actions for Custody and Support of Minor Children," a "request for attorney's fees may be properly raised by a motion in the cause subsequent to the determination of the main custody action"); *Surles v. Surles,* 113 N.C. App. 32, 43, 437 S.E.2d 661, 667-68 (1993); *see also In re Estate of Tucci,* 104 N.C. App. 142, 145, 408 S.E.2d 859, 861-62 (1991), *review dismissed as improvidently granted,* 331 N.C. 749, 417 S.E.2d 236 (1992) (fee petition pursuant to N.C. Gen. Stat. § 6-21(2) filed following unsuccessful will caveat proceeding) and *Tay v. Flaherty,* 100 N.C. App. 51, 53, 394 S.E.2d 217, 218, *disc. review denied,* 327 N.C. 643, 399 S.E.2d 132 (1990) (attorneys' fees sought under N.C. Gen. Stat. § 6-19.1 subsequent to proceeding contesting agency decision denying food stamps).

**EDWARDS v. EDWARDS**

[118 N.C. App. 464 (1995)]

Finally, defendant argues in her brief that plaintiff "had not plead anything regarding attorneys['] fees and had not argued nor raised any issue regarding any indemnification prior to Judge Honeycutt signing the judgment on 20 April 1993." However, plaintiff in his complaint prayed the trial court to "[g]rant the plaintiff such other relief as is just and proper." A copy of the Agreement containing the indemnity clause was attached as Exhibit 1. Therefore, given the broad language of the complaint and reference to the attached Agreement, plaintiff thereby asserted a claim for indemnification in the earlier action, and his later motion merely particularized the specifics of that claim. *See Clark v. Clark*, 301 N.C. 123, 134, n.4, 271 S.E.2d 58, 67, n.4 (1980) (although defendant did not expressly demand possession of certain property in her counterclaim, she was nonetheless entitled to same given the broad nature of "relief . . . which the court deems just and proper"); *Highway Commission v. Thornton*, 271 N.C. 227, 237, 156 S.E.2d 248, 256 (1967) (a party's prayer for relief does not determine the relief to which he or she is entitled). In that event, defendant's *res judicata* argument is unavailing.

In addition, the Agreement was executed by the parties 26 September 1991 and plaintiff's complaint which referenced the Agreement attached thereto was personally served upon defendant 2 June 1992. Defendant had full notice that recoupment was available to plaintiff should legal fees and expenses be incurred in consequence of failure to perform under the Agreement. Neither "fairness" nor "justice," 46 Am. Jur. 2d *Judgments* § 522, at 786-87 (1994), are offended by failing to rule plaintiff's claim for indemnification ought to have been pled with particularity in his specific performance complaint.

For the reasons stated hereinabove, the trial court did not err by entry of its 17 August 1993 order awarding counsel fees to plaintiff.

Affirmed.

Judges GREENE and McCRODDEN concur.

Judge McCRODDEN concurred prior to 15 December 1994.