UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EMPIRE FUNDING CORPORATION,
           *Claimant-Appellant,*

v.

JAMES MERVIN ARMOR; PATRICIA
HOWARD ARMOR,
           *Debtors-Appellees,*      No. 99-1529

and

RICHARD M. STEARNS,
                   *Trustee.*



Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-98-932-5-BR-3, BK-98-00738-8-JRL)

Argued: April 4, 2000

Decided: October 20, 2000

Before WIDENER and WILKINS, Circuit Judges, and
Claude M. HILTON, Chief United States District Judge
for the Eastern District of Virginia,
sitting by designation.

Affirmed by unpublished opinion. Chief Judge Hilton wrote the opinion, in which Judge Widener joined. Judge Wilkins wrote a dissenting opinion.

**COUNSEL**

**ARGUED:** Donald S. Higley, II, WARD & SMITH, P.A., Greenville, South Carolina, for Appellant. Paul Tracy Cleavenger, CLEAVENGER & CARRAWAY, P.L.L.C., Kinston, North Carolina, for Appellees. **ON BRIEF:** Teresa DeLoatch Bryant, Albert Charles Ellis, WARD & SMITH, P.A., Greenville, South Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

HILTON, Chief District Judge:

This matter comes before the court on Empire Funding Corporation's appeal of the District Court's Order of March 15, 1999. The District Court affirmed the Bankruptcy Court's decision allowing the Armors' Chapter 13 Plan to include a secured claim of Empire Funding and denying the Armors' obligation to the secured claim.

On May 13, 1994, James Mervin Armor and Patricia Howard Armor ("the Armors") entered into a Retail Installment Contract, Note & Disclosure Statement ("the contract") with Division Construction Company ("Division") providing that in consideration of the debtors' payment of $14,999.00, Division would construct a building for debtors to use in connection with their pottery business. The Armors secured the obligation by granting Division a Deed of Trust on certain real property they owned. Division subcontracted with Mike Alphin, doing business as A&A Construction Company ("Alphin"), to do the actual construction of the building. After the completion of the construction, Division assigned the contract and the deed of trust to Empire. The completed building was structurally defective and failed to comply with the North Carolina Building Code.

On February 28, 1996, debtors filed suit against Empire, Division and Alphin in the Superior Court for Lenoir County North Carolina. The Armors' claims against Division and Alphin included breach of contract, breach of implied warranty, negligent construction and unfair and deceptive trade practices. Against Empire, debtors alleged breach of implied warranty, as Empire held the contract. Debtors sought damages from all defendants for costs or repairs and the lost profits. They also demanded "judgment against the Defendant Empire Funding Corp. that the loan with said defendant be set aside."

The Honorable Frank R. Brown conducted a bench trial and entered judgment on April 16, 1997. That judgment stated: "Empire did nothing to cause [the Armors'] damages." The judgment awarded debtors $37,118.85 from Division and Alphin and stated that Empire "shall pay nothing." The judgment did not speak to whether the loan between Empire and the Armors would be set aside. The judgment was not appealed.

On February 6, 1998, the Armors filed a voluntary Chapter 13 bankruptcy petition with the United States District Court for the Eastern District of North Carolina. On May 11, 1998, Empire filed with the Armors' Chapter 13 trustee, Richard M. Stearns ("trustee"), a secured proof of claim for $16,023.36. On May 27, 1998, the trustee filed a Notice of Requirement to Modify Plan ("Notice") in order to allow for Empire's claim. On June 3, 1998, the Armors objected to the Notice and to Empire's claim. On August 25, 1998, Judge Leonard held a hearing on these issues and on October 8, 1998 issued an order denying the Notice and granting the Armors' objection to the claim. This ruling was affirmed by the District Court's Order of March 15, 1999.

The parties have stipulated to the validity of the contract entered into between the Armors and Division and its terms. The contract contains the following language that the Federal Trade Commission, 16 C.F.R. § 433.2, requires to be in all consumer credit contracts:

> Notice. Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of the goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by

the debtor shall not exceed the amounts paid by the debtor hereunder.

It is undisputed that Empire, as the assignee of Division, is the holder of the contract and that Division was the seller of the goods and services relating to the construction of debtors' building.

The state court judgment specifically held that Division and Alphin were jointly and severally liable for the breach of contract and unfair and deceptive trade practices claims, thereby clarifying the claims and defenses of debtors against Division and Alphin. That judgment also specifically absolved Empire of any liability. Applying that ruling to the plain language of the contract, once the debtors' claims and defenses against seller, Division, were resolved, the Armors would be entitled to assert the same defense against Empire as the holder of the contract.

However, Empire argues that the application of the doctrine of claim preclusion under North Carolina law dictates that a final judgment on the merits is conclusive not only as to matters actually litigated but also to matters properly within the scope of the pleadings which should have been adjudicated. *Bruton v. Carolina Power & Light Co.*, 217 N.C. 1, 6 S.E. 2d 822 (1940); *Piedmont Wagon Co. v. Byrd*, 119 N.C. 460, 26 S.E. 144 (1896). Empire asserts that debtors' pleadings in the state court action raised the issue of the enforceability of the loan and requested that the loan be set aside. Because that issue was not expressly discussed in the judgment, Empire argues that claim preclusion operates to deem it denied and thereby bars the debtors from reasserting the same issue as an objection to Empire's claim and proposal to modify the debtors' plan. Empire maintains that the debtors had the responsibility to try their entire case at one time and must be bound by the state court judgment of that trial.

The Armors contend that the judgment in state court was not final and resolved less than all of the issues between all of the parties. They further assert that the issue of the loan enforceability was not adjudicated on its merits in state court and therefore, cannot be barred by any type of preclusion doctrine.

Under the doctrine of claim preclusion, "a final judgment on the merits in a prior cause of action will prevent a second suit based on

that same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assoc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). For this doctrine to apply, a party must "show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both [the party asserting res judicata and the party against which it is asserted] were either parties or stand in privity with parties." *Id.* at 429, 349 S.E.2d at 557.

Here the same causes of actions are involved and the parties in both actions are identical. The Armors brought claims for damages against Division and Alphin and claims against Empire Funding to set aside the loan contract. While the Armors pled in the alternative in their state action, in North Carolina, a plaintiff may not sue for the recission of a contract and its breach at the same time. The one is a disaffirmance of the contract; the other its affirmance. *See Troitino v. Goodman*, 225 N.C. 406, 35 S.E.2d 277 (1945). The state court addressed the issue of damages and made no determination as to recission.

The North Carolina Rules of Civil Procedure speak to the issue of when a final judgment has been entered as to a claim:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all the claims or parties only if there is no reason for delay and it is determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In absence of entry of such final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judg-

> ment adjudicating all the claims and rights and liabilities of all the parties.

N.C. Rules of Civ. P. 54(b). The state court judgment did not adjudicate all of the issues between all of the parties. It did not address the issues of the Armors' prayer that the contract be set aside or the cross claim filed by Empire against Division on the indemnity agreement, and no judgment was entered on either claim.

The state court judgment is a final adjudication of the merits as to the joint and several liability of Division, Alphin and Empire for damages. However, this judgment did not speak to the enforceability of the loan. The state court's omission from its judgment of any discussion regarding the enforceability of the loan indicates that it did not adjudicate that claim on its merits as is required by N.C. Rules of Civ. P. 54(b). The state court made findings on the breach of contract claim and never reached the issue of recission. Indeed, the loan agreement remained in effect and with it any defenses to the agreement. Empire is now asserting its rights under the agreement and the Armors are entitled to assert their defenses. The decision of the District Court is affirmed.

*AFFIRMED*

WILKINS, Circuit Judge, dissenting:

I respectfully dissent. I would hold that the Armors are barred under the doctrines of claim preclusion and merger from seeking to set aside the loan contract with Empire based on the very same factual contentions that were the subject of a previous suit by the Armors against Empire in which they sought to set aside the loan contract.

The principle of merger is "a collateral aspect of res judicata which determines the scope of claims precluded from relitigation by an existing judgment." *Edwards v. Edwards*, 456 S.E.2d 126, 129 (N.C. Ct. App. 1995) (internal quotation marks omitted). When a final judgment issues, the plaintiff's "original claim is extinguished and the rights granted pursuant to the judgment are substituted for it, and plaintiff's original claim is thus said to have 'merged' with the judg-

ment." *Id.* For that reason, a final judgment concludes "all matters ... that were or should have been adjudicated in the prior action." *Id.* at 130.

Applying the doctrine of merger to this case dictates that the factual claims that the Armors now seek to assert as defenses to the loan contract were extinguished when the Armors received a final judgment on those very same claims in state court. *See id.* at 129-30; 46 Am. Jur. 2d *Judgments* § 510 (1994) (explaining that after issuance of a judgment "all of the prior contractual rights are merged into and extinguished by the judgment"). Were these claims not extinguished, then after receiving the benefit of their bargain in the form of a judgment against Division, the Armors could have simply turned around and sued Empire again in state court for rescission of the loan contract, thereby obtaining indisputably inconsistent remedies. Of course, the doctrine of merger would have prevented the Armors from doing so, and the same doctrine also bars them from asserting those claims now.*

I fail to understand how the majority reaches a different conclusion in its claim preclusion analysis. The majority determines that there was a final judgment in the first suit, albeit one not specifically adjudicating the Armors' entitlement to rescind the loan contract. *See Ante*, at 6. The majority also concludes that the parties and causes of action are the same in the first and second suit. *See id.* at 5. The majority recognizes that when these three elements are satisfied, the doctrine of claim preclusion provides that the final judgment in the first suit concludes "not only . . . matters actually litigated but also . . . matters properly within the scope of the pleadings which should have been adjudicated." *Id.* at 4. Nevertheless, having reached that point in its analysis, the majority holds that the issue of the Armors' entitlement to rescind the loan contract was not concluded without ever

---

*The Armors also argue that Division's failure to satisfy the state court judgment excuses the Armors' nonperformance under the loan contract. This argument is without merit. Claims are extinguished when the judgment issues, *see Edwards*, 456 S.E.2d at 129, not when the judgment is satisfied. Moreover, because Division's duty to pay the state court judgment is not a contractual one, Division's failure to pay the judgment is not a breach of contract.

explaining why the issue is not a matter that "should have been adjudicated" in the first suit. It most certainly should have been, as the state trial court was presented with the facts now offered by the Armors as a basis for rescission and was assigned the task of determining fully the legal consequences of the Armors' allegations.

For these reasons, I would reverse.